JACK M. BALLINGER AND BRENDA M. BALLINGER, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket Nos. 21277–80, 773–81.     Filed April 29, 1982.

*Larry Puckett*, for the petitioners.
*LeRoy D. Boyer*, for the respondent.

## OPINION

DAWSON, *Judge*: In these consolidated cases, respondent determined the following deficiencies in petitioners' Federal income taxes and additions to tax:

.

| Docket No. | Year | Deficiency | Additions to tax[1] | |
| | | | Sec. 6651(a) | Sec. 6653(a) |
| --- | --- | --- | --- | --- |
| 773–81 | 1974 | $302.00 | 0 | 0 |
| 773–81 | 1975 | 98.00 | 0 | 0 |
| 773–81 | 1976 | 828.45 | $207.11 | $41.42 |
| 773–81 | 1977 | 776.75 | 0 | 38.84 |
| 21277–80 | 1978 | 2,212.43 | 0 | 110.62 |

All issues, except one, in these cases have been resolved by agreement of the parties and are included in their stipulation of facts. These agreed adjustments can be given effect in the computations to be submitted later under Rule 155, Tax Court Rules of Practice and Procedure. The issue presented for decision is whether the petitioner, Jack M. Ballinger, is exempt from self-employment taxes, pursuant to section 1402(e), on his ministerial income for the taxable years 1976, 1977, and 1978. Three subsidiary questions are raised, namely, (1) whether petitioner filed a timely application for exemption from the tax on self-employment income pursuant to section 1402(e)(2); (2) whether petitioner is entitled to an exemption from self-employment income tax with respect to services performed by him as a minister or member of a religious order; and (3) whether respondent's disapproval of petitioner's application for exemption from self-employment income tax resulted in a denial of his rights under the free exercise of religion clause of the First Amendment to the Constitution of the United States.

The facts are fully stipulated. The stipulation of facts and attached exhibits are incorporated herein by this reference. The facts which are pertinent to the issues in controversy are set forth below.

Petitioners were residents of Oklahoma City, Okla., when they filed their petitions in these cases.

On November 22, 1969, a certificate of ordination was issued to Jack M. Ballinger (hereinafter referred to individually as petitioner) by authority and order of the First Missionary Baptist Church of Chambers Park, 1841 Chambers Road, St. Louis County, Mo. He served as a minister of that church.

---

[1]All section references are to the Internal Revenue Code of 1954. as amended and in effect during the years in issue, unless otherwise indicated.

In September 1973, the petitioner became minister of the Maranatha Church in Oklahoma City, Okla.

During the taxable years 1973, 1974, and 1975, the petitioner received net earnings from self-employment which were derived from the performance of services as a duly ordained minister, as follows:

| Year | Amount |
| --- | --- |
| 1973 | $2,400.00 |
| 1974 | 6,074.85 |
| 1975 | 7,131.33 |

He computed and reported on his Federal income tax returns and paid self-employment income tax on such net earnings.

The due date of the tax return for the second taxable year, for which petitioner had net earnings from self-employment of $400 or more derived from his services as a duly ordained minister, was April 15, 1975.

On March 8, 1977, the petitioner filed with the Internal Revenue Service a Form 4029 (Application for Exemption from Tax on Self-Employment Income and Waiver of Benefits). This application for exemption was disapproved by the Internal Revenue Service.

On May 2, 1978, a certificate of ordination was issued to petitioner by authority and order of the Maranatha Church of Oklahoma City, Okla.

On July 7, 1978, the petitioner filed with the Internal Revenue Service a Form 4361 (Application for Exemption from Self-Employment Tax for Use by Ministers, Members of Religious Orders and Christian Science Practitioners) dated June 28, 1978. Petitioner indicated on the Form 4361 that, among other things, he was ordained on May 2, 1978, and that the first 2 years after that date in which he expected to have net earnings from self-employment of $400 or more, some part of which was from services as a minister, were the years 1978 and 1979. Based upon such incorrect information, Carolyn Leonard, Director, Internal Revenue Service Center, Austin, Tex., approved the exemption for petitioner pursuant to section 1402(e).

After discovery of the correct facts and information, the Director, Internal Revenue Service Center, Austin, Tex., notified petitioner by letter dated September 16, 1980, that the

application for exemption was approved in error and that a "superseding" Form 4361 was disapproved.

The parties agree that if the petitioner had testified at trial, his testimony would be as follows:

a. That at the time he was ordained to minister by the First Missionary Baptist Church of Chambers Park and while acting as the minister of said First Missionary Baptist Church of Chambers Park, he did not oppose on the basis of conscience or religious principles the acceptance (with respect to services performed by him as such minister) of any public insurance which makes payments in the event of death, disability, old age, or retirement or makes payments toward the cost of, or provides services for, medical care (including the benefits of any insurance system established by the Social Security Act).

b. That as a result of spiritual growth resulting from the study of the Bible, he, during the fall of 1977, learned and accepted as his religious belief, and has continuously held such belief to this day, that he is opposed on the basis of religious principles to the acceptance (with respect to service performed by him as such minister) of any public insurance which makes payments in the event of death, disability, old age, or retirement or makes payments toward the cost of, or provides services for, medical care (including the benefits of any insurance system established by the Social Security Act).

c. That said application described in paragraph 41.k above and marked as Exhibit 15-O was filed before the due date of the return for the second taxable year for which he had net earnings from self-employment of $400.00 or more any part of which was derived from the performance of service as a duly ordained, commissioned, or licensed minister of a church in the exercise of his ministry as a minister who attained an opposition on the basis of religious principles to the acceptance (with respect to service performed by him as such minister) of any public insurance which makes payments in the event of death, disability, old age, or retirement or makes payments toward the cost of, or provides services for, medical care (including the benefits of any insurance system established by the Social Security Act).

d. That it places a burden upon his exercise of his religion to require him to pay for public insurance (with respect to services performed by him as minister) which makes payments in the event of death, disability, old age, or retirement or makes payments toward the cost of, or provides services for, medical care (including the benefits of any insurance system established by the Social Security Act).

e. After belief in Jesus Christ the exercise of Christianity consists of spiritual growth resulting from the study of the Bible. Spiritual growth by necessity, at times, requires a change in belief from time to time.

f. That he has at no time been a Christian Science practitioner nor has he ever been a member of a religious order who has taken a vow of poverty as a member of such order.

Petitioner contends that this Court should declare those parts of section 1402(e)(2) void, which require him to file his

application for exemption within a certain time frame, as being in violation of the free exercise of religion clause of the First Amendment. In the alternative, he contends that we should interpret the time in which an application must be filed under section 1402(e)(2)(A) as the due date of the return (including any extension thereof) for the second taxable year for which he has net earnings from self-employment from his performance as a duly ordained, commissioned, or licensed minister *of a church into which the minister has at any time been ordained in which the minister attains an opposition on conscientious and religious grounds to the acceptance of self-employment-tax public insurance.* To the contrary, respondent contends that (1) the petitioner filed an untimely application for exemption (Form 4361) from the self-employment tax imposed by section 1401; (2) the petitioner was properly denied exemption from the tax; (3) the tax imposed is constitutional; and (4) the exemption provisions of section 1402 are not constitutionally infirm.

Section 1402(e)(1) provides that ministers may choose to be exempt from self-employment taxes with regard to services performed in the exercise of their ministry by *timely* filing an exemption application. Under the terms of section 1402(e)(2), petitioner's exemption application had to be filed by the later of either (1) the due date of the return (including any extensions) for the second taxable year after 1967 or (2) the due date of the return (including any extension) for the second taxable year for which he has net earnings of $400 or more, any part of which was derived from performance of service as a minister.[2]

This is clearly a situation where the petitioner did not file a timely application for exemption from self-employment tax pursuant to section 1402(e)(2) and section 1.1402(e)–3A(a)(1), Income Tax Regs. On November 22, 1969, upon the request of the First Baptist Church of St. Louis, Mo., and by authority

---

[2]Prior to 1967, ordained ministers were automatically excluded from social security coverage and from the self-employment tax; ministers could elect to opt into the social security system as self-employed if they wished. In 1967, this practice was changed because Congress was informed that many persons in the clergy who had in the past elected not to be covered by social security, and could not opt into the system, wished to begin coverage. S. Rept. 744, to accompany H.R. 12080 (Pub. L. 90–248), 90th Cong., 1st Sess. 2 (1967). Since that time, ministers have been allowed to opt out of social security coverage by timely filing.

and order of the First Missionary Baptist Church of Chambers Park, the petitioner was ordained to perform services of his ministry. During 1973, 1974, and 1975, subsequent to his ordination and while serving as minister of the Maranatha Church in Oklahoma City, he received net earnings of $400 or more from self-employment as a minister. He, in fact, computed, reported, and paid self-employment income tax on such net earnings for those years. it was not until July 7, 1978, after his "re-ordination" on May 2, 1978, that he filed his application for exemption (Form 4361). This was more than 3 years subsequent to the due date of the tax return for the second taxable year for which he had net earnings from self-employment of $400 or more derived from his performance of services as a duly ordained minister. He was required under the reasonable guidelines of section 1402(e)(2) to file his application for exemption on or before April 15, 1975. It is plain from the statute and the regulations that the time limitations of section 1402(e)(2) are mandatory and must be strictly complied with. Cf. *Allinson v. Commissioner*, T.C. Memo. 1979–405. We are unwilling to interpret the time requirements of section 1402(e)(2) in such a way as to allow the petitioner the exemption after his "second" ordination and after he attained "an opposition on conscientious and religious grounds to the acceptance of self-employment tax public insurance." He is simply too late and his free exercise of religion has not been impaired.

Petitioner acknowledges that the exemption provision of former section 1402(h) (now 1402(g)) has been upheld as not being in conflict with the free exercise and establishment clauses of the First Amendment. *Henson v. Commissioner*, 66 T.C. 835 (1976); *Palmer v. Commissioner*, 52 T.C. 310 (1969). He agrees that the exemption of section 1402(h) is based on a "religiously neutral" distinction because the proponents of a certain religious faith must demonstrate to the Government that the religious sect has made reasonable provisions for their dependent members. He argues, however, that the exemption provision of section 1402(e) involves no such nonarbitrary, nonreligious demonstration to the Government, but rather is available to those ministers who are "conscientiously opposed to, or because of religious principles is opposed to the acceptance (with respect to services performed by him as such

minister, member or practitioner) of any public insurance." Thus, the major thrust of petitioner's position is that section 1402(e) must be construed in a way which is "religiously neutral" so as not to violate the free exercise of religion clause of the First Amendment, and that it must not be interpreted in such a way as to subject proponents of one religious faith to penalties which are not imposed upon proponents of another religious faith. Petitioner's arguments are summarized in his reply brief in the following manner:

Change in belief as pertaining to the various issues of life, such as participation as a minister in the payment of self-employment tax, through study of the Bible is at the very core of Petitioner Reverend Ballinger's religious faith, and, in practicing that religion, said Petitioner did not oppose payment as a minister of self-employment tax during a period which included the two year period following his original ordination in which he had net earnings from self-employment as a minister of $400.00 or more, but later, again, in practicing his religion, he attained an opposition to participation as a minister in the payment of self-employment tax; To construe Section 1402(e) in a way which would deny said Petitioner exemption under said section, i.e. to construe the section so as to require application within two years of the time following ordination in which $400.00 or more is earned as a minister, would constitute a construction which would not be "religiously neutral," that is, which would subject proponents of one religious faith to penalties which are not imposed upon proponents of another religious faith, in that under such a construction those ministers of religious faiths which are stagnant, that is, which do not include the concept of spiritual growth through change in belief pursuant to study of the Bible, but which do espouse an opposition to the payment as a minister of self-employment tax would be granted the exemption, whereas that minister, such as Petitioner, who holds a religious faith grounded in change of belief through study of the Bible, who through the exercise of his religious faith attains an opposition to the payment as a minister of self-employment tax after the two year period following his original ordination in which he earns $400.00 or more as a minister, would be denied the exemption.

We disagree with petitioner that to construe section 1402(e) in a way that will deny him the exemption from self-employment tax will result in violating the free exercise of religion clause of the First Amendment. A mere change in religious belief, brought about by diligent study of the Bible and the application of Biblical doctrines to various issues of life, does not, in our judgment, alter the religious neutrality of section 1402(e). Cf. *Hatcher v. Commissioner*, T.C. Memo. 1978–59, affd. per curiam in an unreported opinion (10th Cir. 1979, 79–2

USTC par. 9531); *Varga v. United States*, 467 F. Supp. 1113 (D. Md. 1979). The statute plainly provides that any duly ordained minister of any church or religious order who, because of religious principles, is opposed to any public insurance (including the system established by the Social Security Act) is entitled to receive an exemption if he files a timely application therefor. This classification is not constitutionally narrow in scope. It creates no infringement upon the petitioner's right to freely exercise his religion. Far be it for this Court to inject by judicial fiat into an otherwise workable statute any Biblical concepts that expand the exemption requirements of section 1402(e). In short, we view the statute as fair, reasonable, equitable, and constitutional. See and compare *United States v. Lee*, 455 U.S. ___ (1982), where the Supreme Court recently said:

Because the broad public interest in maintaining a sound tax system is of such a high order, religious belief in conflict with the payment of taxes affords no basis for resisting the tax.

Accordingly, we hold that the petitioner is not entitled to the exemption under section 1402(e) and that he is liable for the self-employment taxes imposed for the taxable years 1976, 1977, and 1978.

To reflect the agreement of the parties with respect to other issues,

*Decisions will be entered under Rule 155.*