PETER B. JANSEN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent; PETER B. JANSEN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Jansen v. Commissioner
Docket Nos. 10323-81, 23070-81
United States Tax Court
T.C. Memo 1982-619; 1982 Tax Ct. Memo LEXIS 123; 44 T.C.M. (CCH) 1494; T.C.M. (RIA) 82619; October 25, 1982. Charles E. Craze,Daniel J. Loomis, and Brian Thompson, for the petitioner. Kristine A. Roth, *124 for the respondent. SHIELDS
MEMORANDUM FINDINGS OF FACT AND OPINION SHIELDS, Judge: In these consolidated cases respondent determined deficiencies in petitioner's Federal income taxes as follows: Docket No.
Year
Deficiency
10323-81
1978
$612.97
23070-81
1979
932.21
The only issue for our decision is whether petitioner is liable for self-employment tax, pursuant to section 1401, with respect to compensation he received in the performance of ministerial duties in taxable years 1978 and 1979. [1] A subsidiary question presented is whether the imposition of the self-employment tax is constitutional when petitioner has failed to comply with the statutory requirements for exemption. FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation of facts and attached exhibits are incorporated herein by this reference. Petitioner Peter B. Jansen resided in Atwater, Ohio when he filed the petitions in these cases. He filed Federal income tax returns for calendar years 1978 and 1979 with the Internal *125 Revenue Service Center at Cincinnati, Ohio. Petitioner was ordained a Baptist minister in 1962 in North Carolina and has earned his livelihood as a minister since that time. In 1978 and 1979 he served as an evangelist with the Baptist Home Missions. In those years petitioner had net earnings from self-employment of more than $400 from his service as a duly ordained minister. Petitioner never filed an application for exemption from self-employment tax, Form 4361 (Application for Exemption from Self-Employment Tax for Use by Ministers, Members of Religious Orders and Christian Science Practitioners). Petitioner was aware after 1970 but before 1978 of the need to file such an application and paid self-employment tax in at least one year during that period. Petitioner is not a member of a religious group which subscribes to the belief that public insurance may not be supported. With respect to his ministerial services, petitioner is opposed on religious grounds to the acceptance of public insurance in the event of death, disability, old-age or retirement, or for medical care. He also opposes the payment of money to provide for such public insurance. In his notices of deficiency *126 respondent determined that the taxable income reported by petitioner was self-employment income and that petitioner was liable for deficiencies in self-employment tax. OPINION The parties have stipulated that petitioner never filed an application for exemption from self-employment tax. Therefore, the only issue remaining for decision is whether the self-employment tax provisions of sections 1401 through 1403 are constitutional. [2]
*127 Petitioner joins a number of other petitioners in this court in arguing that application of the self-employment tax on his income violates his First Amendment right to the free exercise of religion. We have considered and rejected such an argument each time it has been made. See Henson v. Commissioner,66 T.C. 835, 838 (1976); Palmer v. Commissioner,52 T.C. 310 (1968); Ballinger v. Commissioner,78 T.C. 752 (1982), appeal dismissed (10th Cir., Aug. 25, 1982). [3] We see no reason to depart from this position. In United States v. Lee,455 U.S. 252 (1982) (holding that to accommodate a taxpayer's religious beliefs, where Congress has not explicitly done so, would unduly interfere with the governmental interest in a comprehensive insurance system), the Supreme Court stated: Because the broad public interest in maintaining a sound tax system *128 is of such a high order, religious belief in conflict with the payment of taxes affords no basis for resisting the tax. Petitioner also contends that his rights to equal protection of the laws and due process of law under the Fifth Amendment have been violated because he has not been afforded the second chance to apply for an exemption that is available under section 1402(g)(2). [4] We have previously considered this legal argument and found that Congress had a reasonable basis for formulating the differences between sections 1402(e) and 1402(g). We found that no infringement on a taxpayer's right to due process of law had occurred, and we do so again today. Henson v. Commissioner,66 T.C. at 838-839; Palmer v. Commissioner,52 T.C. at 314. [5]
*129 Although it is clear that petitioner sincerely opposes payment of self-employment tax on religious grounds, we are compelled to sustain respondent's determination. Accordingly, we hold that petitioner is liable for self-employment taxes for taxable years 1978 and 1979. Decisions will be entered for the respondent.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as in effect during the years in issue.↩
2. These sections impose a tax on net earnings from self-employment income to be applied toward old-age, survivors, disability and hospital insurance. Section 1402(e) provides an exemption for duly ordained ministers who object to the acceptance of public insurance but only if they comply with certain strictly construed filing requirements, namely, a minister who was ordained before 1968 (and earned self-employment income from the ministry in excess of $400 in each of two years prior to 1968) must apply for an exemption on or before the due date for his income tax return of the second year after 1967 (i.e., April 15, 1970). Petitioner has not argued that he received less than $400 in self-employment income from his ministerial services prior to 1968. See, e.g., Ballinger v. Commissioner,78 T.C. 752↩ (1982), appeal dismissed (10th Cir., Aug. 26, 1982). As noted above, petitioner has never filed for such an exemption though he was aware prior to 1978 that he was required to so file and paid self-employment tax prior to 1978. See section 1.1402(e)-3A, Income Tax Regs.
3. See also Olsen v. Commissioner,T.C. Memo. 1982-340, appeals docketed, Nos. 10954-79 (4th Cir., Sept. 17, 1982) and 10955-79 (6th Cir., Sept. 17, 1982) and cases cited therein at n. 2, and Hull v. Commissioner,T.C. Memo. 1982-341↩.
4. Section 1402(g)(2) provides as follows: (g) Members of Certain Religious Faiths.-- (1) Exemption.--Any individual may file an application (in such form and manner, and with such officials as may be prescribed by regulations under this chapter) for an exemption from the tax imposed by this chapter if he is a member of a recognized religious sect or division thereof and is an adherent of established tenets or teachings of such sect or division by reason of which he is conscientiously opposed to acceptance of the benefits of any private or public insurance which makes payments in the event of death, disability, old-age, or retirement or makes payments toward the cost of, or provides services for, medical care (including the benefits of any insurance system established by the Social Security Act). * * * (2) Time for filing application.--For purposes of this subsection, an application must be filed on or before the time prescribed for filing the return (including any extension thereof) for the first taxable year for which the individual has self-employment income * * * except that an application filed after such date but on or before the last day of the third calendar month following the calendar month in which the taxpayer is first notified in writing by the Secretary that a timely application for an exemption from the tax imposed by this chapter has not been filed by him shall be deemed to be filed timely. ↩
5. See also Olsen v. Commissioner,supra,↩ and cases cited therein.