EDGAR L. PASCHALL and LUCY G. PASCHALL, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Paschall v. Commissioner
Docket Nos. 26522-81, 9037-82.
United States Tax Court
T.C. Memo 1983-521; 1983 Tax Ct. Memo LEXIS 268; 46 T.C.M. (CCH) 1197; T.C.M. (RIA) 83521; August 24, 1983. Edgar L. Paschall, pro se. Robert P. Crowther, for the respondent. SCOTT
MEMORANDUM OPINION SCOTT, Judge: Respondent determined deficiencies in petitioners' income tax for the calendar years 1978, 1979 and 1980 in the amounts of $633.89, $817.63 and $988.35, respectively. Certain minor adjustments made by respondent with respect to petitioners' claimed deductions for the years 1978 and 1979 have been conceded by petitioners, leaving for our decision only whether petitioner Edgar L. Paschall is liable for self-employment taxes under the provisions of sections *269 1401 and 1402 [1] on his income earned as an ordained minister in each of the years here in issue.
All of the facts have been stipulated and are found accordingly. Petitioners, husband and wife, who resided in McKenzie, Tennessee, at the time of the filing of their petition in this case, filed joint Federal income tax returns for the calendar years 1978, 1979 and 1980 with the Director, Internal Revenue Service Center, Memphis, Tennessee. During each of the years here in issue, Mr. Paschall was a minister at the Southside Missionary Baptist Church in McKenzie, Tennessee. Mr. Paschall was ordained as a minister on July 15, 1973. The first two years in which Mr. Paschall (petitioner) had net earnings from self-employment of $400 or more, some part of which was from services performed by him as a minister, were 1973 and 1974. Mr. Paschall did not apply for an exemption from self-employment tax before the due date of his 1974 calendar year income tax return and has not, to date, made an application for such an exemption.
*270 Respondent, in his deficiency notices, determined that petitioner was liable for self-employment tax on his income from performance of his ministerial duties. In his petition, petitioner alleged that it was against his religious conviction to pay "social security" tax and that as pastor of the Southside Missionary Baptist Church he developed this conviction after the expiration of the two-year period allowed by section 1402(e) for filing the exemption form. He further alleged that "This two year limitation is an unfair ruling and violates my first amendment rights." At the trial, petitioner explained in some detail the basis of his conviction which had been developed in 1977 that "social security" tax was contrary to the scriptures. He further took the position that because of his religious beliefs, to require him to pay self-employment tax merely because he had not formed this conviction within the first two years after he was ordained violated his rights under the First Amendment to the Constitution. The exact issue presented by petitioner in this case was presented and decided in Ballinger v. Commissioner,78 T.C. 752 (1982), adverse to the position taken *271 by petitioner. In that case we specifically held that to deny a minister the exemption from self-employment tax because he had formed the belief that it was contrary to his religious faith to pay such tax more than two years after the due date of his return for the second year after he received income as an ordained minister, was not violative of a minister's First Amendment rights. We do not consider it necessary to repeat the reasons we set forth in a detailed discussion in Ballinger v. Commissioner,supra, but on the basis of that case conclude that requiring petitioner to pay self-employment tax under the circumstances here present does not violate his constitutional rights under the First Amendment to the Constitution. Decisions will be entered for the respondent.
Footnotes
1. Unless otherwise stated, all statutory references are to the Internal Revenue Code of 1954, as amended and in effect during the years here in issue.↩