William C. BLAKELY and Bettie Blakely, Petitioners-Appellants,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.

Nos. 83–4234, 83–4244

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Nov. 25, 1983.

---

Fred W. Schwendimann, Santa Fe, N.M., for petitioners-appellants.

Glenn L. Archer, Jr., Asst. Atty. Gen., Tax Div., Michael L. Paup, Chief, Appellate Sec., Gary R. Allen, John P. Griffin, Dept. of Justice, John H. Menzel, Director, Tax Litigation Div., I.R.S., Washington, D.C., for respondent-appellee.

Before CLARK, Chief Judge, RUBIN and JOLLY, Circuit Judges.

PER CURIAM:

This case is an appeal from a decision by the United States Tax Court holding taxpayers William C. Blakely and Bettie Blakely responsible for deficiencies in their federal income taxes for the years 1976, 1977 and 1978. Bettie Blakely is named in this action solely because she filed an income tax return jointly with her husband for the years in question. For brevity, this opinion will refer to the taxpayer appellants as "Blakely."

At issue is the validity of a waiver which Blakely, a minister, signed in 1957 electing to participate in the social security system under the provisions for self-employed individuals. The government requires all self-employed participants in the system to file yearly tax returns reporting income from self-employment activities.

Blakely argues that the tax court committed an error of law in holding the waiver he executed in 1957—and does not even remember executing—to be conclusive evidence that he intended to participate in the social security system. He also argues that the waiver is invalid, and has been from its execution, because it does not accurately reflect his intent at the time of signing it.

Finding Blakely's arguments unpersuasive, we affirm the tax court's decision.

I.

Blakely is an ordained minister of the United Methodist Church, and since 1956 has served as a minister or in an administrative capacity in the church.

The Internal Revenue Code in effect in 1956 did not include ministers in the class of persons covered by the social security program. Rather, it provided that the ministry would be a "trade or business" for purposes of the section 1401 self-employment tax only if a minister filed a waiver in accordance with section 1402(e) opting into the system. In 1956, then, ministers could waive their excluded status. Ministers wishing to waive their exclusion and opt into the system did so by filing a Form 2031 with the Internal Revenue Service.[1]

In accordance with the social security tax code provisions in effect, Blakely executed a Form 2031 waiver opting into the system, effective as of the taxable year beginning in January 1956. He signed that waiver in

---

1. Form 2031 said:

I hereby elect under section 1402(e) of the Internal Revenue Code to have the insurance system established by Title II of the Social Security Act extended to any service performed by me as a duly ordained, commissioned, or licensed minister of a church in the exercise of my ministry, as a member of a religious order (who, as a member of such order, has not taken a vow of poverty) in the exercise of duties required by such order, or in the exercise of my profession as a Christian Science Practitioner. I desire this election to be effective beginning with the taxable years shown in Item 5. I understand that as a result of this election I will be subject to tax as a self-employed person in accordance with the provisions of Chapter 2 of Subtitle A of the Internal Revenue Code with respect to self-employment income derived from such service for such taxable year and each taxable year thereafter. I further understand that this election is IRREVOCABLE.

February of 1957, and reported income from his services as a minister for the years 1956 and 1957. Those years, however, are the only ones for which Blakely filed a self-employment income tax return.

In 1967 Congress amended the Social Security Act to its current form, changing the self-employment tax provisions to include the ministry in the trade or business category automatically covered by the social security system. Ministers, however, still may opt out of the system if they are conscientiously opposed to participation in national insurance programs or opposed to such programs because of their religious principles. I.R.C. § 1402(e)(1). The 1967 amendments specifically deny exempt status to ministers who prior to 1967 filed valid waivers opting into the system. *Id.*

The Commissioner of Internal Revenue audited Blakely's 1976 tax return. He found that Blakely had not filed a tax return reporting his income from services he performed as a minister; as required pursuant to the waiver he signed in 1957 opting into the social security system. The Commissioner sent Blakely notices of deficiencies for 1976, and subsequently for 1977 and 1978.[2]

Blakely denies that he is liable for the deficiencies. He does not contest the court's finding, based on the testimony of handwriting experts, that he signed the waiver opting into the system. He argues that he nonetheless should not have to pay the deficiencies because he is and has always been opposed to national insurance programs because of his moral and religious principles. He also argues that if he did sign the waiver, he did so under the mistaken impression that he was opting out of the system and not into it.

## II.

Congress provided the exemption for ministers to accommodate the free exercise and establishment clauses of the first amendment to the extent compatible with a comprehensive national insurance program.

*United States v. Lee,* 455 U.S. 252, 102 S.Ct. 1051, 1056, 71 L.Ed.2d 127 (1982). *See also Varga v. United States,* 467 F.Supp. 1113 (D.C.Md.1979), *aff'd* 618 F.2d 106 (4th Cir. 1980). The exemption is narrow, and the Commissioner construes it strictly. *See, e.g., Ballinger v. Commissioner,* 78 T.C. 752 (1982) (even a change in faiths will not allow a minister already included in the system to opt out if the change occurs beyond the statutorily prescribed period for submitting the waiver).

Indeed, as we analyze this case we must be mindful of the strong governmental interest in widespread mandatory contribution to the system. *United States v. Lee,* 102 S.Ct. at 1055–56. The policy of preserving the fiscal integrity of the system demands that we, like the Commissioner, construe the exemption strictly.

Blakely argues that the tax court judge erred as a matter of law when he considered the waiver to be conclusive evidence on the question of Blakely's intent to opt into the social security system. The Internal Revenue Service, Blakely asserts, allows consideration of extrinsic evidence to determine the validity of a section 1402 waiver.

Blakely's assertion that the court may consider extrinsic evidence apparently is correct. *See* Rev.Rul. 70–197, 1970–1 C.B. 181. His reading of the tax court judge's opinion, however, is not. The tax court judge considered material not only the fact that Blakely had signed the waiver, but that the waiver was "exceedingly clear and unambiguous," and irrevocable by its own plain terms. The tax court also noted that Blakely is an intelligent and learned individual, and that for the two years immediately following his signing of the waiver, Blakely reported income from self-employment earnings in conformity with his expressed intent when he signed the waiver. Thus, the tax court judge did consider extrinsic evidence regarding Blakely's intent at the time he signed the waiver, and concluded that Blakely intended exactly what

**2.** The Commissioner may not collect deficiencies more than three years old. I.R.C. § 6501.

the waiver said. He intended to opt into the social security system.

 Blakely further argues that when he signed the waiver he was mistaken as to its contents. Because the waiver is based on a material misstatement of fact, he argues, it is invalid *ab initio*. Blakely relies primarily on Rev.Rul. 70–197, 1970–1 C.B. 181 to support his argument.

In Rev.Rul. 70–197, the Commissioner allowed a minister to rescind an opting-out waiver executed after Congress passed the 1967 social security amendments. When he decided to revoke his waiver, the minister told the Commissioner that he opted out of the system for economic reasons, and not because he was conscientiously or religiously opposed to national insurance programs. Blakely similarly asserts that he did not intend to participate in the system when he signed the waiver. Therefore, the waiver is based on a material misstatement of fact.

Blakely's reliance on Rev.Rul. 70–197 is inappropriate, however, because again he misreads the tax court's opinion. The tax court specifically found that when Blakely executed the waiver, he did not misstate anything. He knew what he was signing and intended to be included in the social security system.

We are not at liberty to overturn the trial court's finding of fact on Blakely's intent unless the finding is clearly erroneous. *John Kelley Co. v. Commissioner*, 326 U.S. 521, 529, 66 S.Ct. 299, 303, 90 L.Ed. 278 (1946); *Blueberry Land Co. v. Commissioner*, 361 F.2d 93, 99 (5th Cir.1966). From our review of the record, we cannot conclude that the trial court clearly erred in finding that Blakely intended to opt into the system.

In conclusion, we note generally that the Commissioner allows rescission of validly executed waivers only under the narrowest of circumstances. For example, he has allowed a taxpayer to withdraw a waiver within the statutorily prescribed time limits for initial filing of the waiver, Rev.Rul. 61–187, 1961–2 C.B. 574, or when the evidence unequivocally leads to the conclusion

that the waiver itself is based on a material misstatement of fact. Rev.Rul. 70–197, 1970–1 C.B. 181. The Commissioner's strict policy regarding rescission of waivers is sound. It facilitates certainty. The Commissioner must be able to rely on the validity and plain meaning of documents executed and submitted by taxpayers.

The decision of the United States Tax Court, therefore, is

AFFIRMED.