CLINTON R. KEATON AND DOROTHY L. KEATON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Keaton v. Commissioner
Docket No. 10457-92
United States Tax Court
T.C. Memo 1993-365; 1993 Tax Ct. Memo LEXIS 375; 66 T.C.M. (CCH) 394; August 18, 1993, Filed *375 Decision will be entered for respondent. For petitioners: Zachary S. Gray. For respondent: Mario J. Fazio. HAMBLEN
HAMBLEN
MEMORANDUM OPINION HAMBLEN, Chief Judge: Respondent determined deficiencies in petitioners' Federal income tax for the taxable years 1988, 1989, and 1990 in the amounts of $ 1,842, $ 1,744.29, and $ 2,089, respectively. Unless otherwise indicated, section references are to the Internal Revenue Code in effect for the years at issue, and Rule references are to the Tax Court Rules of Practice and Procedure. The sole issue for decision is whether petitioner Clinton R. Keaton was exempt from liability for self-employment tax with respect to his earnings as a minister during the tax years at issue. Background
This case was submitted fully stipulated. The stipulation and attached exhibits are incorporated by this reference. Petitioners resided in Mountain Home, Idaho, at the time the petition was filed in this case. Petitioner Dorothy L. Keaton is a party in this case solely because she filed a joint tax return with her husband for the years in issue. All subsequent references to petitioner are to Clinton R. Keaton. Petitioner was ordained as a minister *376 on May 23, 1971. Petitioner's net earnings from self-employment derived from his services as a minister equaled or exceeded $ 400 during each of the tax years 1971 and 1972. On April 20, 1976, petitioner filed an Application for Exemption from Self-Employment Tax for Use by Ministers, Members of Religious Orders and Christian Science Practitioners (Form 4361) with the Internal Revenue Service Center in Ogden, Utah. In a letter to petitioner dated June 8, 1976, respondent informed petitioner that his Form 4361 application for exemption was not approved because it had not been timely filed. On petitioner's Form 4361, a copy of which was returned to petitioner, respondent placed a check mark in the box labeled "Disapproved for exemption". Although he had net earnings from self-employment as a minister during the 1975 tax year, petitioner did not report any self-employment tax attributable to those earnings on his 1975 joint income tax return. Pursuant to an audit of petitioner's 1975 tax return conducted in 1977, the examining revenue agent determined that petitioner was liable for self-employment taxes attributable to his work as a minister. Pursuant to a letter dated May 10, *377 1977, respondent's regional office informed petitioner that the examining agent's determination would not be changed. Petitioner subsequently received a letter from the Chief, Office Branch of respondent's District Director, dated September 22, 1977. This letter reiterated that petitioner's Form 4361 had been filed late, and informed petitioner that the self-employment taxes that had been asserted for the 1973 and 1974 tax years were correct. The letter also stated: To be effective for 1973 and 1974, Form 4361 was due on or before 4-15-75. It was not submitted by you until April 19, 1976. We have accepted the application for the year 1975 and subsequent years, however it is not valid for years prior to 1975. [Emphasis in original.]
By letter dated November 9, 1977, respondent advised petitioner that his 1975 joint tax return was accepted as filed with no change in his tax liability. During each of the tax years 1988, 1989, and 1990, petitioner reported net earnings from self-employment for services as a minister. However, he did not report self-employment tax with respect to those earnings. Instead, he wrote "Exempt Form 4361" on the line of each return relating *378 to self-employment tax. Similarly, petitioner had not reported any self-employment tax with respect to his earnings as a minister during any tax year from 1976 through 1987. Respondent issued notices of deficiency to petitioners for each of the tax years 1988, 1989, and 1990. Each of the asserted deficiencies relates solely to petitioner's failure to report self-employment tax with respect to his earnings as a minister. Petitioner contends that respondent should be equitably estopped from asserting these deficiencies. We disagree with petitioner. Discussion
Section 1401 imposes a tax on an individual's self-employment income, which is based on the "net earnings from self-employment" derived by the individual during the taxable year. Sec. 1402(b). Net earnings from self-employment are the gross income derived by the individual from any trade or business carried on by that individual less the deductions attributable to that trade or business. Sec. 1402(a). Section 1402(c)(4) and the final sentence of section 1402(c), however, provide that the term "trade or business" does not include "the performance of service by a duly ordained, commissioned, or licensed minister of *379 a church in the exercise of his ministry" if an exemption under section 1402(e) is in effect. Section 1402(e) provides specific requirements for a minister to obtain an exemption from self-employment tax. A minister seeking the exemption must file an application stating that he is opposed, because of religious principles or conscientious beliefs, to the acceptance of certain types of public insurance, such as that provided by the Social Security Act, attributable to his services as a minister. Sec. 1402(e)(1). This application must be filed within the specific time limits set forth in section 1402(e)(3). Once properly obtained, the exemption from self-employment tax is irrevocable and remains effective for all succeeding taxable years. Sec. 1402(e)(4). Section 1402(e)(3) provides that the application for exemption must be filed on or before the later of the following dates: (1) The due date of the return (including any extension thereof) for the second taxable year for which the taxpayer has net earnings from self-employment of $ 400 or more, any part of which was derived from the performance of services as a minister, or (2) the due date of the return (including any extension *380 thereof) for his second taxable year ending after 1967. Sec. 1402(e)(3); sec. 1.1402(e)-3A(a)(1), Income Tax Regs. This Court has consistently held that the time limitations imposed by section 1402(e)(3) are mandatory and taxpayers must strictly comply with them. Wingo v. Commissioner, 89 T.C. 922, 930 (1987); Ballinger v. Commissioner, 78 T.C. 752, 757 (1982), affd. 728 F.2d 1287 (10th Cir. 1984); Reeder v. Commissioner, T.C. Memo. 1993-287. Petitioner's application for exemption was not filed within the time limits required by section 1402(e)(3). Because petitioner had net earnings from self-employment as a minister of $ 400 or more during each of 1971 and 1972, his application for exemption was required to be filed no later than April 16, 1973, the due date for his 1972 tax return. Secs. 1402(e)(3), 6072(a), and 7503. However, petitioner did not file his application for exemption until April 20, 1976, more than 3 years after the required deadline. Accordingly, we hold that petitioner is not entitled to an exemption from self-employment tax for services *381 performed as a minister. Petitioner contends that respondent should be equitably estopped from denying the effectiveness of the application for exemption that petitioner filed in 1976. We disagree. Petitioner bases his argument on respondent's letter to petitioner dated September 22, 1977, in which respondent stated that "We have accepted the application for the year 1975 and subsequent years". Petitioner also notes that, following respondent's audit of petitioner's 1975 joint income tax return in which petitioner claimed exemption from self-employment tax, respondent accepted petitioner's 1975 return as filed. "Equitable estoppel is a judicial doctrine that 'precludes a party from denying his own acts or representations which induced another to act to his detriment.'" Hofstetter v. Commissioner, 98 T.C. 695, 700 (1992) (citing Graff v. Commissioner, 74 T.C. 743, 761 (1980), affd. 673 F.2d 784 (5th Cir. 1982)). This Court has recognized that estoppel is applied against the Commissioner "with utmost caution and restraint." Estate of Emerson v. Commissioner, 67 T.C. 612, 617 (1977); *382 see also Hofstetter v. Commissioner, supra at 700; Kronish v. Commissioner, 90 T.C. 684, 695 (1988); Boulez v. Commissioner, 76 T.C. 209, 214-215 (1981), affd. 810 F.2d 209 (D.C. Cir. 1987). Moreover, the U.S. Supreme Court has stated that "the Government may not be estopped on the same terms as any other litigant." Heckler v. Community Health Services, 467 U.S. 51, 60 (1984). Although refusing to adopt a "flat rule" prohibiting estoppel claims against the government in all circumstances, the U.S. Supreme Court has noted that it has "reversed every finding of estoppel [against the government]" that has come before it. OPM v. Richmond, 496 U.S. 414, 422 (1990). The U.S. Supreme Court has made it clear that "however heavy the burden might be when an estoppel is asserted against the Government, the private party surely cannot prevail without at least demonstrating that the traditional elements of an estoppel are present." Heckler v. Community Health Services, supra at 61; *383 see also Bokum v. Commissioner, 992 F.2d 1136, 1141 (11th Cir. 1993), affg. T.C. Memo. 1990-21; Kennedy v. United States, 965 F.2d 413, 417 (7th Cir. 1992); Yerger v. Robertson, 981 F.2d 460, 466 (9th Cir. 1992). The traditional elements necessary to invoke equitable estoppel are: (1) The existence of a false representation or wrongful misleading silence by the party against whom estoppel is invoked; (2) the error must originate in a statement of fact, not in an opinion or statement of law; (3) the party claiming the benefits of estoppel must be ignorant of the true facts; (4) the party claiming the benefits of estoppel must reasonably rely on the other party's misrepresentation or wrongful misleading silence; and (5) the party claiming the benefits of estoppel must be adversely affected by the other party's misrepresentation or wrongful misleading silence. Kronish v. Commissioner, supra at 695 n.10; Estate of Emerson v. Commissioner, supra at 617-618. If any one of these elements is not present, *384 equitable estoppel is not appropriate. In the present case, petitioner has established the first element of traditional equitable estoppel. Respondent does not dispute that the September 22, 1977, letter sent by respondent to petitioner mistakenly represented that petitioner's Form 4361 exemption application would be accepted for the 1975 taxable year and all subsequent years. However, petitioner has failed to establish several other elements necessary for equitable estoppel and is therefore not entitled to the benefits of equitable estoppel. First, the misrepresentation upon which petitioner relies -- respondent's statement in her September 22, 1977, letter that the Form 4361 exemption application was valid for the 1975 taxable year and all subsequent years -- was a misstatement of law, not of fact. Section 1402(e)(3) provides a specific deadline by which an application for exemption under section 1402(e) must be filed. This time limitation is mandatory and taxpayers must strictly comply with it. Wingo v. Commissioner, 89 T.C. 922, 930 (1987); Ballinger v. Commissioner, 78 T.C. 752, 757 (1982), affd. 728 F.2d 1287 (10th Cir. 1984); *385 Reeder v. Commissioner, T.C. Memo. 1993-287; see also Angelus Milling Co. v. Commissioner, 325 U.S. 293, 296 (1945) ("Insofar as Congress has made explicit statutory requirements, they must be observed and are beyond the dispensing power of Treasury officials."); United States v. Garbutt Oil Co., 302 U.S. 528, 533 (1938); United States v. Memphis Cotton Oil Co., 288 U.S. 62, 71 (1933). In the present case, petitioner did not file his Form 4361 exemption application until more than 3 years after the statutory deadline. Respondent's purported acceptance of the Form 4361 exemption application for the 1975 taxable year and subsequent years was based on a misinterpretation of the clear statutory filing requirement, and was not a misrepresentation of fact that would support equitable estoppel. In view of petitioner's failure to meet the statutory requirements of section 1402(e)(3), "erroneous acquiescence by agents of respondent in accepting his claim of exemption in earlier years does not prevent correction of the error [as to later years]." Robertson v. Commissioner, T.C. Memo. 1983-32, *386 affd. without published opinion 742 F.2d 1446 (2d Cir. 1983); see also Automobile Club of Michigan v. Commissioner, 353 U.S. 180, 183 (1957) ("The doctrine of equitable estoppel is not a bar to the correction by the Commissioner of a mistake of law."); Neri v. Commissioner, 54 T.C. 767, 772 (1970). In addition, petitioner has failed to demonstrate that he reasonably relied on respondent's misrepresentation. In order to demonstrate reliance, petitioner must show that he changed his position as a result of the misrepresentation. Heckler v. Community Health Services, supra at 61. In the present case, petitioner would have to demonstrate that his failure to comply with the statutory time limits of section 1402(e) was caused by respondent's misrepresentation. Century Data Systems, Inc. v. Commissioner, 86 T.C. 157, 165-166 (1986). Petitioner clearly cannot establish such reliance because respondent's misrepresentation occurred more than 4 years after the expiration of the statutory deadline for filing petitioner's Form 4361. *387 Moreover, even if petitioner had relied on respondent's misstatement of law, such reliance would not have been reasonable. As the U.S. Supreme Court has stated, "those who deal with the Government are expected to know the law and may not rely on the conduct of Government agents contrary to law." Heckler v. Community Health Services, supra at 63. In the present case, the time within which petitioner was required to file his Form 4361 exemption application is clearly stated in the governing statute as well as in the regulations thereunder. Sec. 1402(e)(3); sec. 1.1402(e)-3A(a)(1), Income Tax Regs. In light of this specific statutory requirement, petitioner cannot be deemed to have reasonably relied on any misstatements respondent made. United States v. Guy, 978 F.2d 934, 937 (6th Cir. 1992); see also Kennedy v. United States, supra at 419; Boulez v. Commissioner, 810 F.2d 209, 218 n.68 (D.C. Cir. 1987), affg. 76 T.C. 209 (1981). Finally, petitioner has not established that he suffered any significant detriment as a result *388 of respondent's misstatement. Petitioner alleges that the payment of the deficiencies will constitute a severe financial hardship. However, all that is being required of petitioner is that he pay taxes that he would have owed whether or not respondent made the misstatement. See Kennedy v. United States, supra at 418. Moreover, as a result of respondent's misinterpretation of the law, petitioner received a windfall by avoiding for more than a decade the payment of self-employment taxes that he was legally required to pay. Although petitioner alleges that this failure to pay self-employment taxes will reduce the amount of social security benefits he will eventually be entitled to receive, petitioner presented no evidence as to the size of such a reduction. Accordingly, petitioner has not established that respondent's misstatements caused him to be worse off than he would have been had those misstatements never been made. See Heckler v. Community Health Services, supra at 61; Kennedy v. United States, supra at 418. Petitioner concedes that he failed to file his Form 4361 application *389 for exemption from self-employment tax by the statutorily prescribed deadline. Moreover, he has failed to establish the elements necessary to invoke equitable estoppel against respondent. Accordingly, Decision will be entered for respondent.