Richard H. JENNEY and Judy Harden Jenney, Plaintiffs,

v.

UNITED STATES of America, Defendant.

No. CV 83–5346 AWT.

United States District Court, C.D. California.

March 19, 1984.

Christopher Ashworth, Garfield, Tepper & Ashworth, Los Angeles, Cal., for plaintiffs.

Robert Bonner, U.S. Atty., Charles H. Magnuson, Asst. U.S. Atty., Chief, Tax Div., Arthur M. Greenwald, Asst. U.S. Atty., Los Angeles, Cal., for defendant.

## MEMORANDUM DECISION

TASHIMA, District Judge.

This is a refund action challenging the assessment of a $500 civil penalty by the Internal Revenue Service ("IRS") for the filing of a "frivolous" return. 26 U.S.C. § 6702. (All subsequent statutory citations, except where otherwise stated, are to the Internal Revenue Code, as codified in Title 26, U.S.Code.) The IRS has moved for summary judgment. The parties agree that the material facts are uncontroverted. Plaintiffs, although not having filed a motion therefor, claim entitlement to summary judgment in their favor on the basis of the uncontroverted facts. Plaintiffs also seek attorney's fees pursuant to § 7430.

*Facts*

Plaintiffs, husband and wife, timely filed their joint 1982 income tax return on Form 1040. Schedule A to the return included as total miscellaneous deductions the amount of $18,952. These deductions were itemized on Supplement # 2 to which Schedule A made reference. The largest miscellaneous deduction listed on Supplement # 2 was $18,044.00, labelled a "*Conscience Deduction." An asterisked footnote on Supplement # 2, in turn, stated "See attached statement." That statement in letter form addressed to the IRS stated, in part:

> Included among our miscellaneous deductions, we are listing a Conscience Deduction of $18,044. in order to bring our tax liability down to $5,273. which is 44% of what we would owe without such a deduction. We are claiming this deduction out of a conscientious objection to war and to preparations for war. The War Resisters League states that 44% of the 1982 federal budget went for non-military purposes....
>
> This reduction in our taxable income will produce a sizeable refund to us.

Without the deduction, we owe the Internal Revenue Service $1,082. With it, we will receive a refund of $5,617....

In accordance with the claimed deduction and attached statement, Line 59 of plaintiffs' Form 1040 listed $5,273 as "Total tax." Line 68 claimed an overpayment (the return indicates withholdings of $10,890) and Line 69 a refund of $5,617.

Shortly after the return was filed, the IRS assessed the civil penalty here in issue. Plaintiffs paid 15 percent of the penalty ($75.00) and filed a claim for refund with the IRS. Not surprisingly, the claim was denied. This Court has jurisdiction under § 6703(c)(2) and 28 U.S.C. § 1346(a)(1).

*Discussion*

Section 6702(a) provides:

(a) If—

(1) any individual files what purports to be a return of the tax imposed by subtitle A but which—

(A) does not contain information on which the substantial correctness of the self-assessment may be judged, or

(B) contains information that on its face indicates that the self-assessment is substantially incorrect; and

(2) the conduct referred to in paragraph (1) is due to—

(A) a position which is frivolous, or

(B) a desire (which appears on the purported return) to delay or impede the administration of Federal income tax laws,

then such individual shall pay a penalty of $500.

Plaintiffs contend that the Form 1040 and attachments thereto which they filed with the IRS contain a correct self-assessment, *i.e.*, the form indicates that absent the "conscience deduction," they "owe the Internal Revenue Service $1,082." Further, plaintiffs argue that their tax return was not prepared based upon a "frivolous" position, within the meaning of § 6702. I agree that the facts here do not fall within a strict construction of § 6702(a)(1)(A) or (B). I do not reach the "frivolous" issue under § 6702(a)(2)(A).

The legislative history of the Tax Equity and Fiscal Responsibility Act of 1982 ("TEFRA") discusses the types of returns which Congress considered would come within the scope of § 6702. In this regard, the Senate Report stated in relevant part:

[T]he penalty could be imposed against any individual filing a "return" showing an incorrect tax due, or a reduced tax due, because of the individual's claim of a clearly unallowable deduction, such as ... a "war tax" deduction under which the taxpayer reduces his taxable income or shows a reduced tax due by that individual's estimate of the amount of his taxes going to the Defense Department budget, etc. *In contrast, the penalty will not apply if the taxpayer shows the correct tax due but refuses to pay the tax.* In such a case, of course, the Secretary can assess and collect the tax immediately.

S.Rep. No. 494, 97th Cong., 2d Sess. 278, *reprinted in* 1982 U.S.Code Cong. & Ad. News 781, 1024 (emphasis added).

It is reasonably clear from the emphasized language that where, as here, the taxpayers show the correct amount due to the IRS on their tax return, but refuse to pay such amount based on their personal convictions, the penalty prescribed in § 6702 was not meant to apply. This is also apparent from the general tenor of the Senate Finance Committee's Report, which indicates that § 6702 was intended to authorize an immediately assessable penalty in those cases where "purported 'returns' are clearly not designed to inform the Secretary of the filer's taxable income and are not in processible form." *Id.*

Defendant argues that the term "self-assessment," as used in § 6702, refers only to the amount of tax reported on line 59 of the Form 1040 tax return. However, this interpretation is not supported by the legislative history discussed above. It is true that in a case apparently similar to this, Judge Schwarzer held:

... Plaintiff McKenna's return provides two sets of figures for tax due, one reflecting an impermissible "war tax" de-

duction, and the other not. Because McKenna failed to specify which of the two figures on her return represented her self-assessment, her return "does not contain information on which the substantial correctness of the self-assessment may be judged," and thus satisfied § 6702(a)(1)(A).

*Franklet v. United States,* 578 F.Supp. 1552, 1555 (N.D.Cal.1984): In view of the penal nature of the statute and its legislative history, application of such an interpretation of § 6702(a)(1)(A) to this case would be overly harsh. Moreover, although the facts with respect to McKenna's return in *Franklet* are somewhat sketchy, *id.* at 1554, it appears that the taxpayers here, as summarized earlier, provided much more information on their return. Such information was, I conclude, sufficient to form an adequate basis "on which the substantial correctness of the self-assessment may be judged," § 6702(a)(1)(A), and also, as plaintiffs contend, a substantially correct self-assessment. § 6702(a)(1)(B).

 Penalty provisions in tax statutes should not be construed any more broadly than was clearly contemplated by the legislature. *See Slodov v. United States,* 436 U.S. 238, 98 S.Ct. 1778, 56 L.Ed.2d 251 (1978). Any doubt should be resolved in favor of the taxpayer. *Luben Indus., Inc. v. United States,* 707 F.2d 1037, 1041 (9th Cir.1983). Plaintiffs' tax return and attachments, taken as whole, show the correct tax due. Section 6702 will not be construed as the government suggests so as to prescribe a penalty in this situation. Here, as suggested by the legislative history of TEFRA, because the correct assessment is plain and apparent the IRS is not without recourse, including the assessment of penalties. *See, e.g.,* § 6653. This is a case, as stated in the Senate Report, where "the Secretary *can* assess and collect the tax immediately." 1982 U.S.Code Cong. & Ad.News at 1024 (emphasis added).

Because there is no dispute with respect to any material fact and there has been "a full and fair opportunity to ventilate the issues involved in the motion," it is appropriate, in spite of the lack of a formal written motion therefor, to grant summary judgment in favor of plaintiffs. *Cool Fuel, Inc. v. Connett,* 685 F.2d 309, 311–12 (9th Cir.1982).

Plaintiffs also request attorney's fees under § 7430. However, because there has been little judicial interpretation of TEFRA, I cannot say that the government's position in this case has been "unreasonable." § 7430(c)(2)(A)(i). This is especially so in light of *Franklet,* which supports the government's position here. Thus, plaintiffs are not prevailing parties, *id.;* therefore, an award of reasonable litigation costs to plaintiffs is not authorized by the statute. § 7430(a).