Alice DREFCHINSKI

v.

Donald T. REGAN, et al.

Civ. A. No. 83–2277.

United States District Court,
W.D. Louisiana,
Lafayette-Opelousas Division.

June 25, 1984.

---

William P. Quigley, Quigley & Scheckman, New Orleans, La., for plaintiff.

Steven Shapiro, Chief, Civil Trial Section, Southern Region, U.S. Dept. of Justice, Tax Div., Washington, D.C., for defendants.

## RULING

SHAW, District Judge.

■■■■ This matter comes before the Court on the motion of the defendants, Donald T. Regan and Roscoe L. Egger, Jr. to dismiss the plaintiff's claim, or, in the alternative, for judgment on the pleadings. The plaintiff, Alice Drefchinski, brings this action to challenge the imposition of a $500.00 civil penalty assessed against her by the Internal Revenue Service (IRS) for claiming a "war tax deduction" on her 1982 federal income tax return. The Court will treat the defendant's motion as one for judgment on the pleadings. As such, the motion should be granted only if there is no issue of material fact and if the pleadings show that the defendant is entitled to prevail as a matter of law. For purposes of this motion, all well-pleaded factual allegations in the plaintiff's complaint will be assumed to be true. *E.g., Beal v. Missouri Pac. R.R. Corp.*, 312 U.S. 45, 61 S.Ct. 418, 85 L.Ed. 577 (1941); *Greenburg v. General Mills Fun Group, Inc.*, 478 F.2d 254, 256 (5th Cir.1973).[1]

*Background Facts*

The Court must regard the following factual assertions as proven in considering the defendant's motion.

On April 15, 1983, Alice Drefchinski filed an income tax return for the 1982 tax year, using Form 1040 with Schedule A attached for itemized deductions. On line 26 of Schedule A, Drefchinski listed a deduction of $5,082.00 for "War Tax." Drefchinski had determined that this amount equalled the proportion of her income tax monies applied to military spending by the national government. She also attached a letter to her income tax return. This letter called attention to her claimed war tax deduction and requested that this portion of her taxes be applied to various humanitarian causes rather than to military spending. The text of the letter is attached as an appendix to this opinion.

The plaintiff took this action because of her sincerely held religious beliefs as a Roman Catholic. She wanted to fully disclose and explain her beliefs to the IRS, and further wanted to protest compelled payment of taxes for military spending despite her religious beliefs. Drefchinski did not claim the war tax deduction with a desire to impede or delay the administration of the federal income tax laws.

By claiming the war tax deduction, Drefchinski made an incorrect self-assessment of her tax liability for 1982. The war tax deduction increased her total excess itemized deductions by $5,082.00 and decreased her taxable income by the same amount. Accordingly, after taking a $50.00 partial credit for political contributions, she assessed a tax liability of only $988.00. Under the 1982 Tax Tables, her after-credit tax liability would have been *$2,067.00* without the war tax deduction. Drefchinski's self-assessment led her to claim a refund due her of $1,799.00, whereas she would have been entitled to a refund of only *$720.00* without the war tax deduction. The IRS disallowed the war tax deduction, recalculated the taxes due, and refunded Drefchinski's federal income tax withholding only to the extent that they were due under the recalculation.

On July 21, 1983, the plaintiff received IRS Form 6335 which notified her that the IRS had assessed a $500.00 penalty against her under section 6702 of the Internal Revenue Code, 26 U.S.C. § 6702, for filing a frivolous income tax return. On August 12, 1983, Drefchinski paid fifteen per cent of the penalty, seventy-five dollars, and filed a request for a refund of this money and abatement of the remainder of the

---

1. The pleadings in this case include the following exhibits filed with the plaintiff's complaint: (1) Drefchinski's 1982 form 1040, (2) a letter attached to the 1040 form, (3) the IRS notice informing her of the penalty assessment, (4) Drefchinski's claim for a refund and abatement of the penalty, and (5) the IRS denial of this claim. Record, Docu. No. 26.

penalty and interest. On September 8, 1983, the plaintiff received notice that the IRS had denied her request.

No regulations or guidelines have been published in the Federal Register for implementation of section 6702. For purposes of this motion, the Court must accept as true the allegation that the IRS was following unpublished agency guidelines in applying the section 6702 penalty to the plaintiff.[2]

*Issues*

Drefchinski claims that section 6702 does not apply to the return that she filed and that the penalty was assessed and collected in violation of the Administrative Procedure Act, 5 U.S.C. §§ 552 and 706(2)(D). In the alternative, if the statute has been properly applied to her, she urges that section 6702 violates her first amendment rights of freedom of expression, freedom of religion, and freedom to petition the government for a redress of grievances, that section 6702 violates her fifth amendment right to due process because the statute is unconstitutionally vague and because it denies her equal protection of the laws. The defendants of course contend that these claims are without merit. The defendants also claim that they are not proper parties defendant in this action.

*Proper Parties Defendant*

■ The plaintiff initiated this suit against Donald T. Regan, as Secretary of the Treasury, and Roscoe L. Egger, as Commissioner of the Internal Revenue Service. Under 26 U.S.C. § 6662(a)(2), a civil penalty under section 6702 is considered a "tax." A suit for refund of a tax or penalty may be maintained only against the United States and not against any officer or employee of the United States. *Brennan v. Commissioner*, 581 F.Supp. 28 (E.D.Mich.1984) (§ 6702 case); *Tibbetts v. Secretary of the Treasury*, 577 F.Supp. 911 (W.D.N.C.1984) (section 6702 case); *Simp-*

*son v. United States*, No. 83-1425 (S.D.Ind., Feb. 13, 1984) (section 6702 case); 26 U.S.C. § 7422(f)(1). This suit is plainly one for refund of a tax penalty. The fact that Drefchinski seeks declaratory relief in no way changes the character of this suit because the Declaratory Judgment Act, 28 U.S.C. § 2201 expressly excludes cases brought "with respect to Federal taxes." *See, e.g., Horne v. United States*, 519 F.2d 51 (5th Cir.1975). Accordingly, the named defendants are entitled to dismissal from this action as improper parties. The plaintiff has added the United States as a party and the Court will proceed to the merits with the United States as the sole defendant.

*The Applicability of Section 6702*

Section 6702(a) provides:

(a) *Civil Penalty.*—If—

(1) any individual files what purports to be a return of the tax imposed by subtitle A but which—

(A) does not contain information on which the substantial correctness of the self-assessment may be judged, or

(B) contains information that on its face indicates that the self-assessment is substantially incorrect; and

(2) the conduct referred to in paragraph (1) is due to—

(A) a position which is frivolous, or

(B) a desire (which appears on the purported return) to delay or impede the administration of Federal income tax laws

then such individual shall pay a penalty of $500.

■ Drefchinski's return easily satisfies the first leg of the section 6702 test. It is true that the return contained sufficient information for the IRS to judge the correctness of her self-assessment. The re-

---

**2.** The Court will venture outside of what presently constitutes the record to make some observations on this point, however. Counsel for the plaintiff supplied the Court with a "work copy" of various documents, the genuineness of which the plaintiff has requested the defendants to admit. The responses are not due until 30 days following this ruling, and the documents cannot be considered on this motion for judgment on the pleadings in any event. For future reference, the Court would like to point out that the

internal IRS memoranda involved do not establish substantive or interpretative guidelines for applying section 6702. They address themselves solely to internal agency procedure. Indeed, one such memorandum plainly states, in regard to the frivolous return penalty: "No regulation project has been initiated and none is planned." *TEFRA Penalty Briefing* at 6 in *Internal Revenue Service Memorandum to All Assistant Regional Commissioners of March 8, 1983.*

turn provided sufficient information for the IRS to recalculate and assess the tax properly owed after it disallowed the war tax deduction. Yet the return also contained information that indicated that Drefchinski's self-assessment was substantially incorrect. By taking the war tax deduction, Drefchinski represented that she owed less than half of her actual tax liability and that she was entitled to a refund more than double that actually owed to her.

Drefchinski's conduct also satisfies the second leg of the section 6702 test. In this case, the plaintiff's allegation that she did not claim the deduction due to a desire to delay or impede the administration of the income tax laws is controlling. Such a desire does not appear on the return itself.[3] Drefchinski's substantially incorrect self-assessment was due to a position which is frivolous within the meaning of section 6702(a)(2)(A), however. The Senate Report states that "the penalty could be imposed against any individual filing a 'return' showing an incorrect tax due, or a reduced tax due, because of the individual's claim of a clearly unallowable deduction, such as ... a 'war tax' deduction under which the taxpayer reduces his taxable income or shows a reduced tax due by that individual's estimate of the amount of his taxes going to the Defense Department budget...." *S.Rep. No.* 494, 97th Cong., 2d Sess. 278, *reprinted in* 1982 *U.S.Code Cong. & Ad.News* 781, 1024. Congress clearly intended that a return such as Drefchinski's would warrant imposition of the $500 fine for filing a frivolous return.

The plaintiff nonetheless contends that the statutory terms "self-assessment" and "frivolous" are ambiguous and do not clearly encompass her conduct. Specifically, the plaintiff urges that no Supreme Court decision categorically forecloses a deduction for war taxes and points to two pending cases in the Courts of Appeals involving war tax questions. The IRS cites several decisions which establish that a taxpayer may not reduce his tax liability by an amount believed to be spent on the military. *E.g., Graves v. Commissioner,* 579 F.2d 392 (6th Cir.1978), *cert. denied,* 440 U.S. 946, 99 S.Ct. 1423, 59 L.Ed.2d 634 (1979). Yet none of the cases cited by either the plaintiff or the Government are particularly relevant on this point. The legislative history conclusively establishes that Drefchinski's conduct falls squarely within the intended scope of the statute. *Accord Franklet v. United States,* 578 F.Supp. 1552, 1554–55 (N.D.Cal.1984) (a section 6702 "war tax" case); *Simpson,* (same); *Welch v. United States,* No. 83–3355 (D.Mass., Jan. 18, 1984) (same).

The plaintiff correctly contends that her opposition to the use of her taxes for military spending is not in itself frivolous. The Government has not questioned the sincerity of her religious and humanitarian objections to military spending. The merit of Drefchinski's religious and political views are not in question here, however. The civil penalty has been assessed against the plaintiff because she claimed a war tax deduction; this action goes beyond mere opposition to military spending. Her claim that she is entitled to a deduction from her taxes because of her religious objections is a frivolous one. Imposition of the penalty casts no reflection upon the seriousness of Drefchinski's religious beliefs. Section 6702 penalizes her solely for her claim for a clearly unallowable tax deduction.

The plaintiff points to the fact that, by virtue of federal income tax withholding and the IRS recalculation, she ultimately paid all of her income tax due for 1982. The section 6702 penalty is based not upon nonpayment of tax, however, but upon reporting a substantially incorrect self-assessment of the tax owed due to a position which is frivolous. Payment or nonpayment of tax is simply not relevant to imposition of the section 6702 penalty. Indeed the penalty does not apply if the taxpayer correctly reports the tax owed but refuses to pay the tax. S.Rep. No. 494, *supra,* at 278.

Similarly, the fact that Drefchinski's letter merely *asked* that the war tax be applied to humanitarian purposes cannot prevent imposition of the penalty. The letter

---

**3.** In other cases, however, a plaintiff's conclusory allegation on this point may not prevail where such a desire is apparent on the face of the return. *See Vaughn v. United States,* 589 F.Supp. 1528 (W.D.La., 1984) (a companion case decided by this Court).

does not change the fact that Drefchinski incorrectly reported her tax liability *on the return* due to a position which is frivolous as a matter of tax law. The 6702 penalty is clearly addressed to what appears on the return itself. The Court is aware that the District Court in *Jenney v. United States*, 581 F.Supp. 1309 (C.D.Cal.1984), did not so discriminate between the return and an attached letter. But *Jenney* is distinguishable from the case at bar in two significant respects.

In *Jenney*, the materials attached to the return included a statement of the tax liability owed without the "Conscience Deduction." The *Jenney* court held that this fact precluded application of the section 6702 penalty. The court relied heavily upon the Senate Report's statement that "the penalty will not apply if the taxpayer shows the correct tax due but refuses to pay the tax." S.Rep. No. 494, 97th Cong. 2d Sess. 278, U.S.Code Cong. & Admin.News 1982, p. 1024. Drefchinski's letter does not state the amount of tax owed without the deduction. Thus, the quoted legislative material cannot be of any aid to her. The *Jenney* plaintiffs also footnoted their "Conscience Deduction" with a specific reference to the supplementary materials attached to the return. Drefchinski did not indicate anywhere on the 1040 form that her war tax deduction was qualified in any way.

Moreover, this Court does not agree with the District Court's conclusion in *Jenney* that a statement in an attachment will preclude imposition of the section 6702 penalty on the basis of an incorrect self-assessment on line 59 of the 1982 form 1040. At best, the materials attached in this case and in *Jenney* merely highlight the fact that the taxpayers have reported a tax liability which is substantially incorrect. That is, a supplementary statement which indicates the tax liability without the clearly unallowable deduction, or which requests that the funds attributable to the deduction be directed to another purpose, itself serves as "information that on [the] face [of the return] indicates that the self-assessment is substantially incorrect." 26 U.S.C. § 6702(a)(1)(B). A taxpayer makes a self-assessment when he represents to the government on his return the tax due. *Franklet*, 578 F.Supp. at 1557. Alice Drefchinski, like the taxpayers in *Jenney*, made such a representation when she reported the "Total Tax" on line 59 of the 1982 form 1040. This representation was substantially incorrect and was based on a position which is frivolous as a matter of tax law. The section 6702 penalty was therefore correctly assessed against the plaintiff. Any other conclusion would encourage some to play the "audit lottery" and would thereby defeat the intent of section 6702. *See* S.Rep. No. 494, 97th Cong.2d Sess. 277. *Cf. Franklet*, 578 F.Supp. at 1555 (the court concluded that the return did not contain information on which the correctness of the self-assessment could be judged where the taxpayer provided two sets of figures for tax due, one based on a war tax deduction, and the other not, but failed to specify which of the two figures represented her self-assessment).

*Requirements of the Administrative Procedure Act*

▮ The Administrative Procedure Act (APA) does not require federal agencies to adopt substantive rules or interpretative guidelines. The Act does require agencies to publish certain regulations and guidelines, however. Under 5 U.S.C. § 552(a)(1)(D), each federal agency must publish "substantive rules of general applicability adopted as authorized by law, and statements of general policy or interpretations of general applicability formulated and adopted by the agency" in the Federal Register. The statute further provides that "a person may not in any manner ... be adversely affected by, a matter required to be published in the Federal Register and not so published." 5 U.S.C. § 552(a)(1). Drefchinski contends that the IRS cannot enforce the section 6702 penalty against her because it was following unpublished agency guidelines in levying the penalty.

▮ Another District Court has considered the same issue raised here and has concluded that the APA does not require publication of any agency guidelines governing application of section 6702 to war tax deduction claims. *See Franklet*, 578

F.Supp. at 1558–59. In *Franklet,* Judge Schwarzer applied the standard adopted by the Ninth Circuit in *Anderson v. Butz,* 550 F.2d 459 (9th Cir.1977). *See also Powderly v. Schweiker,* 704 F.2d 1092, 1098 (9th Cir. 1983). Under this standard, an interpretation is not of "general applicability" and an agency need not publish the guideline if "(1) only a clarification or explanation of existing laws or regulations is expressed, and (2) no significant impact upon any segment of the public results." *Powderly,* 704 F.2d at 1098. Judge Schwarzer aptly observed that any interpretation applying section 6702 to war tax deductions "would only reiterate Congress's plainly expressed intent that 'war tax' reductions be considered 'frivolous.'" 578 F.Supp. at 1558. Therefore, any such guidelines could at best merely clarify section 6702 and would occasion absolutely no change in Drefchinski's substantive rights under section 6702. *Cf. Powderly,* 704 F.2d at 1098. This Court will adopt the *Anderson* standard and will follow Judge Schwarzer's application of that standard to section 6702 and war tax deductions. The APA did not require the IRS to publish the interpretative guidelines allegedly followed in this case.

■ Moreover, it does not appear that Drefchinski was "adversely affected" by any unpublished IRS administrative guidelines regarding the section 6702 penalty. The IRS notice sent to the plaintiff did not rely upon any additional regulations or guidelines in imposing the section 6702 penalty. The notice indicates that the penalty was assessed directly under section 6702. As noted above, additional guidelines would merely reiterate Congress's clear choice to apply section 6702 to war tax deduction claims. Drefchinski has not been "adversely affected" by any unpublished administrative guidelines because the assessment of the penalty in this case "is no more than the direct application of the plain terms of the statute supported by unambiguous legislative history." *Franklet,* 578 F.Supp. at 1558. *See also id.* at 1559 n. 6. *Accord Simpson,* slip at 4–5; *Welch,* slip op. at 2, 4.

4. On the other hand, the penalty notice may be sufficient when viewed in connection with no-

*Due Process: Notice and Hearing*

■ The penalty notice sent to Drefchinski stated: "You have been assessed a penalty under section 6702 of the Internal Revenue Code for filing a frivolous income tax return." Complaint, Attachment C. The notice detailed the procedure for contesting the assessment, but did not further advise the plaintiff of the factual or legal basis for assessing the penalty. Drefchinski contends that this notice was constitutionally deficient because it left her to defend herself without knowing precisely what had been found objectionable on her tax form. She continues that she was forced to guess as to the grounds relied upon by the IRS when she sought a refund of the seventy-five dollars paid and that she therefore ran the risk that her argument for a refund would have nothing to do with the Service's basis for the assessment.

This argument *may* have some merit in another case.[4] In this case, however, the alleged deficiency in the notice has not operated to deprive the plaintiff of a meaningful opportunity to contest the assessment of this frivolous return penalty. From the beginning, Drefchinski has contested this assessment on the basis of the constitutional and statutory challenges attendant to her war tax deduction. See Complaint, Attachment D. The Government has never contended that there was any other factual basis for imposition of the penalty against the plaintiff. Moreover, she has not been prejudiced by the Service's failure to specify which of the provisions of section 6702 apply here. There are only two sets of disjunctive grounds upon which the penalty can be based, and Drefchinski has contested application of the statute on all of these grounds. Thus, the plaintiff has not suffered any injury in fact from the alleged deficiency in the notice. *Accord Franklet,* 578 F.Supp. at 1559.

Due process does not require any hearing prior to the one the plaintiff is now receiving. *See Commissioner v. Shapiro,*

tice of the Service's disallowance of the war tax deduction in auditing the return.

424 U.S. 614, 96 S.Ct. 1062, 47 L.Ed.2d 278 (1976); *Bob Jones University v. Simon,* 416 U.S. 725, 94 S.Ct. 2038, 40 L.Ed.2d 496 (1974); *Phillips v. Commissioner,* 283 U.S. 589, 51 S.Ct. 608, 75 L.Ed. 1289 (1931); *Zernial v. United States,* 714 F.2d 431, 435 (5th Cir.1983); *Ueckert v. United States,* 581 F.Supp. 1262, 1265 (D.N.D.1984) (section 6702 case); *Hamrick v. Commissioner,* No. 83–2442, slip op. at 4 (W.D.La. Mar. 5, 1984); *Gimelli v. United States,* No. 83–5447, slip op. at 8–9 (E.D.La. Feb. 22, 1984) (section 6702 case); *Simpson,* slip op. at 4; *Stamp v. Commissioner,* 579 F.Supp. 168, 171 (N.D.Ill.1984) (section 6702 case); *Kloes v. United States,* 578 F.Supp. 270, 273 (W.D.Wis.1984) (same); *Milazzo v. United States,* 578 F.Supp. 248, 252 (S.D.Cal.1984) (same); *Franklet,* 578 F.Supp. at 1560; *Tibbets,* 577 F.Supp. at 915; *Googe v. Secretary of the Treasury,* 577 F.Supp. 758, 760 (E.D.Tenn.1983) (section 6702 case).

*Equal Protection*

The plaintiff alleges in her complaint that section 6702 denies her equal protection of the laws because a person who makes a substantially incorrect self-assessment due to a simple mistake is not penalized. This observation regarding innocent errors accords with the legislative history. *See* S.Rep. No. 494, 97th Cong.2d Sess. 277. The contention that this disparate treatment violates the equal protection component of the fifth amendment is without merit however. A statute violates the Due Process Clause on equal protection grounds only if it irrationally treats differently those similarly situated or if it irrationally treats similarly those situated dissimilarly. *Silva v. Vowell,* 621 F.2d 640, 647 (5th Cir.1980).[5] *See also Knighten v. Commissioner,* 702 F.2d 59 (5th Cir.1983) (tax case). Here, the two classes posed are treated differently, but they do not appear to be similarly situated. In one class, the substantially incorrect self-assessment arises out of sheer accident; in the other,

the erroneous self-assessment results from the volitional act of choosing to rely on a position which is frivolous as a matter of tax law.

Yet, even if the classes are viewed as similarly situated, a violation of equal protection is not presented here. Section 6702 is not directed toward a suspect class and it does not impinge upon the exercise of a "fundamental right."[6] Therefore, the means adopted in section 6702 need be only rationally related to a legitimate governmental purpose. *See Cleburne Living Center v. City of Cleburne,* 726 F.2d 191, 195–96 (5th Cir.1984). Congress has a legitimate governmental interest in preventing the filing of legally incorrect tax returns which impede the operation of the self-assessment tax collection system. Congress also has a legitimate governmental interest in discouraging taxpayers from underrepresenting their tax liability in the hope that they will pass through the "audit lottery" unscathed. Assessing a penalty against those who file the returns singled out by section 6702 is rationally related to attaining these objectives. The filing of incorrect tax returns might be reduced even further by penalizing all who misrepresent their tax liability, including those who do so accidentally, but "[i]t is no requirement of equal protection that all evils of the same genus be eradicated or none at all." *Railway Express Agency v. New York,* 336 U.S. 106, 110, 69 S.Ct. 463, 466, 93 L.Ed. 533, 539 (1949).

*Free Exercise of Religion*

Drefchinski does not challenge the Government's legal power to collect taxes for military spending. She claims, however, that her religious beliefs compel her to declare to the IRS that she does not voluntarily accept the obligation to pay taxes for war preparation. Her religious beliefs further preclude her from affirmatively declaring that she is obliged to pay taxes for war preparation. Memorandum in Opposition to Motion to Dismiss 36–40. In

---

5. *Silva* is a fourteenth amendment case, but the equal protection analysis under the fifth and fourteenth amendments is identical in structure. *E.g., Hampton v. Mow Sun Wong,* 426 U.S. 88, 100, 96 S.Ct. 1895, 1903, 48 L.Ed.2d 495 (1976).

6. Consideration of whether section 6702 discriminates in a manner which violates first

amendment protections involves an analysis similar to, yet distinct from, the fundamental interest-equal protection analysis. *See generally* G. Gunther, *Cases and Materials on Constitutional Law* 908 (10th ed. 1980). These matters are taken up *infra* at note 8.

essence, Drefchinski's claim is that her religious beliefs prevent her from reporting a tax liability which she acknowledges that she legally owes and that they further oblige her to claim a deduction which she acknowledges she is not legally entitled to.[7] She contends that section 6702 penalizes her for the exercise of these religious beliefs and that the statute therefore violates the Free Exercise Clause.

With such a narrowly-tailored claim of religious compulsion, the Court cannot deny that the section 6702 penalty interferes with the asserted free exercise rights. This acknowledgment of course only begins the inquiry. *United States v. Lee*, 455 U.S. 252, 257, 102 S.Ct. 1051, 1055, 71 L.Ed.2d 127, 132 (1982). Section 6702 must be upheld if the underlying governmental interests override and outweigh the impairment of the asserted free exercise rights. *Id.; United States v. Grayson County State Bank*, 656 F.2d 1070, 1074 (5th Cir.1981). Here, there can be no doubt that "the broad public interest in maintaining a sound tax system is of ... a high order." *United States v. Lee*, 455 U.S. at 260, 102 S.Ct. at 1056. This interest has been found sufficiently compelling to outweigh many challenges to the administration of the tax laws based upon religious belief. *See, e.g. United States v. Lee, supra* (compulsory participation in the social security system); *United States v. Grayson County State Bank, supra* (IRS summons of bank records pertaining to a church); *Lull v. Commissioner*, 602 F.2d 1166 (4th Cir. 1979) (tax deficiencies for war tax deductions); *Autenrieth v. Cullen*, 418 F.2d 586 (9th Cir.1969), *cert. denied*, 397 U.S. 1036, 90 S.Ct. 1353, 25 L.Ed.2d 647 (1970) (denial of refund for taxes applied to military spending). *Cf. Blakely v. Commissioner*, 720 F.2d 411, 413 (5th Cir.1983) (strict construction of exemption from the social security program for ministers).

The plaintiff concedes that the government's need to collect tax revenues must override contrary religious convictions. She nonetheless asserts that section 6702 serves a different interest, the efficient processing of individual tax returns. She urges that the section 6702 penalty does not in any way further tax collection because the IRS can easily determine the true tax owed from the information provided on the return and can then satisfy the tax liability out of the taxpayer's previously withheld federal income taxes. Drefchinski concludes that this concern for mere administrative convenience cannot outweigh her right to make a declaration of conscience.

The plaintiff's argument falls short of the mark. It is simply not possible for the IRS to audit each of the more than 100 million individual returns filed in a tax year. The income tax collection system must therefore operate on a self-assessment basis, which necessitates adoption of the working assumption that taxpayers are trying to make legally correct representations of their tax liability. A growing practice of filing frivolous tax returns that do not represent the tax legally owed seriously undermines this working assumption and threatens the very structure of the self-assessment tax collection system. *See* S.Rep. No. 494, 97th Cong.2d Sess. 277. Moreover, a legally frivolous misrepresentation of a taxpayer's tax liability can have a direct impact on the tax actually collected by the IRS. If the taxpayer's return is not one of those selected for audit, then the incorrect self-assessment will stand and the Government will not collect taxes that are legally owed by the taxpayer. This particular concern, that the IRS might lose in the "audit lottery," was before Congress when it enacted section 6702. *Id.*

It is therefore clear that the governmental interests underlying section 6702 are as compelling as those found sufficient in *United States v. Lee* and other cases. Furthermore, section 6702 employs the least restrictive means of achieving these interests. The penalty is addressed to only those returns that fail to correctly represent a taxpayer's tax liability due to either a position which is legally frivolous or a desire to impede the administration of the tax collection system. The means chosen

---

7. The Court does not venture an opinion as to whether this claim is "so bizarre" that it is not entitled to protection under the Free Exercise Clause. *Cf. Thomas v. Review Board of Indiana Employment Security Div.*, 450 U.S. 707, 715, 101 S.Ct. 1425, 1431, 67 L.Ed.2d 624, 632 (1981).

by Congress unavoidably conflict with the plaintiff's exercise of her religious beliefs, but "[n]ot all burdens on religion are unconstitutional." *United States v. Lee*, 455 U.S. at 257, 102 S.Ct. at 1055. She remains free to follow her religious beliefs by declaring in attachments to her return that she does not pay the "war tax" voluntarily, but her religious beliefs cannot excuse her from her responsibility to represent her tax liability in accordance with a position that has legal merit. Section 6702 does not violate the Free Exercise Clause. Accord *Franklet*, 578 F.Supp. at 1556.

*Freedom of Expression; Right to Petition for Redress of Grievances*

In this context, there is no need to discuss the right to free expression and the right to petition separately. The values protected by these rights are quite similar and they coincide here in Drefchinski's desire to inform the IRS of her objection to the payment of taxes for military spending. *Cf. Ferguson v. Estelle*, 718 F.2d 730, 732 n. 4 (5th Cir.1983) (overbreadth analysis applied to right of association); *In re Airport Car Rental Antitrust Litigation*, 474 F.Supp. 1072, 1086 (N.D.Cal.1979) (roughly comparable restrictions on freedom of expression and right to petition).

Alice Drefchinski was not penalized for attaching a letter to her return that stated her opposition to military spending. The section 6702 penalty assessed against her was based solely upon her filing of a substantially incorrect self-assessment based on a clearly unallowable deduction for "war taxes." Section 6702 does not penalize only those taxpayers who have filed a frivolous return for the purpose of expressing their views. *See Beard v. United States*, 580 F.Supp. 881 (E.D.Mich.1984) (the taxpayer deducted his total wages and tips from his income on the view that he had a basis in his labor equal to its fair market value); *Nichols v. United States*, 575 F.Supp. 320 (D.Minn.1983) (similar).[8] The statute therefore does not abridge speech on its face. *Cf. United States v. O'Brien*, 391 U.S. 367, 375, 88 S.Ct. 1673, 1678, 20 L.Ed.2d 672 (1968) (the law prohib-

iting destruction of draft cards did not abridge speech on its face). Yet Drefchinski alleges that her claim of the unallowable deduction was due to her desire to fully disclose and explain her beliefs to the IRS, and to protest the compelled payment of taxes for military spending against her religious beliefs. In this situation, where "speech" and "non-speech" elements are intertwined in the same course of conduct, regulation of the non-speech elements will be upheld if it is supported by a sufficiently important governmental interest and if the regulation further imposes only incidental limitations on first amendment freedoms. *O'Brien*, 391 U.S. at 376, 88 S.Ct. at 1678. Under *O'Brien*, section 6702 will satisfy this standard if it meets the following tests:

(1) the statute is within the constitutional power of the Government;

(2) the statute furthers an important or substantial governmental interest;

(3) the governmental interest is unrelated to the suppression of free expression; and

(4) the incidental restriction on alleged first amendment freedoms is no greater than is essential to the furtherance of that interest, *i.e.* the regulation is narrowly drawn to avoid unnecessary intrusion on freedom of expression.

*O'Brien*, 391 U.S. at 377, 88 S.Ct. at 1679. *See also Schad v. Borough of Mount Ephraim*, 452 U.S. 61, 69 n. 7, 101 S.Ct. 2176, 2183 n. 7, 68 L.Ed.2d 671 (1981). Section 6702 passes muster under each of these four tests.

Section 6702 falls squarely within the Government's power to lay and collect taxes on income under the sixteenth amendment. The Court has already determined that the interests furthered by the statute are important and substantial. See opinion at pages 1525–1526, *supra*. The interest in preserving the integrity of the income tax collection system is quite similar to the interest in a smoothly functioning system for raising armies, which the Court found to be compelling in *O'Brien*. 391 U.S. at 377–81, 88 S.Ct. at 1679–81. One

---

**8.** Therefore, there is no issue of content-based discrimination presented in this case. See the discussion in note 6, *supra*.

might argue that the governmental interest is not unrelated to the suppression of free expression, due to the expressed Congressional concern that protesters were being induced to file protest returns by the encouragement of others. *See* S.Rep. No. 494, 97th Cong., 2d Sess. 277. The underlying concern, however, was that increased filing of frivolous returns would impede the tax collection system, and is thus unrelated to suppression of free expression. *Cf. O'Brien*, 391 U.S. 385–86, 88 S.Ct. at 1683–84 (similar analysis of similar legislative history).

The statute is also narrowly drawn to further the governmental interest without unnecessary intrusion on freedom of expression. The penalty applies only to the particular noncommunicative aspect of Drefchinski's conduct that poses a threat to the integrity of the tax system. *Cf. O'Brien*, 391 U.S. at 381–82, 88 S.Ct. at 1381–82. Moreover, section 6702 does not deprive Drefchinski of significant alternative means of presenting her grievance and expressing her objections to the collection of taxes for military expenditures. *See O'Brien*, 391 U.S. at 388–89, 88 S.Ct. at 1685 (Harlan, J., concurring). For example, she remains free to attach a letter of protest to her return, as she did in this case. Section 6702 therefore does not deprive the plaintiff of any rights guaranteed by the first amendment.

*Due Process of Law: Vagueness and Lack of Fully Articulated Standards*

 The plaintiff claims that the terms "frivolous" and "self-assessment" are so vague that they do not provide adequate notice of what is penalized under section 6702. She also claims that the statute fails to provide enforcement officials with sufficiently articulated standards for applying the penalty. Both of these claims fall under the void-for-vagueness doctrine, which requires that a penal statute describe the conduct regulated "with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." *Kolender v. Lawson*, 461 U.S. 352, ——, 103 S.Ct. 1855, 1858, 75 L.Ed.2d 903, 909 (1983). A statute satisfies due process requirements if it defines the prohibited conduct "in terms that the ordinary person exercising ordinary common sense can sufficiently understand and comply with...." *Civil Service Commission v. National Association of Letter Carriers*, 413 U.S. 548, 579, 93 S.Ct. 2880, 2897, 37 L.Ed.2d 796 (1973). Section 6702 satisfies this standard.

 As a matter of common sense, a deduction is based on a position that is "frivolous" if it is clearly unallowable, having no basis in law or fact. The plaintiff points to other dictionary meanings of "frivolous," yet these variant meanings would not prevent a person of ordinary sense from discerning the contours of the prohibition. The plaintiff also contends that a "no basis in law or fact" standard is itself vague. She cites several cases in an attempt to establish that a war tax deduction is not wholly without legal basis. What these cases show, however, is that "frivolous" is a commonly-understood term used in regard to tax claims and that a war tax deduction is clearly frivolous. *See, e.g., Senesi v. Commissioner*, 42 T.C.M. 143 (1981); *see also United States v. Lee*, 455 U.S. at 260, 102 S.Ct. at 1056 (the Court uses a war tax deduction as an example of an invalid claim). The only wrinkle added by *Senesi* and the other cases is that a penalty under 26 U.S.C. § 6673 could be imposed only if the taxpayer actually knew the position was frivolous. The term "frivolous" does not render section 6702 unconstitutionally vague. *Accord Gimelli*, slip op. at 11–13; *Welch*, slip op. at 4; *Franklet*, 578 F.Supp. at 1557.

 Similarly, the term "self-assessment" "refers simply to the taxpayer's representations to the government on his or her return regarding tax due." *Franklet*, 578 F.Supp. at 1557. The term is sufficiently clear that a person of ordinary common sense could understand its meaning and avoid penalty under section 6702. A term is not void for vagueness merely because it is not otherwise defined in the Internal Revenue Code. The term "self-assessment" does not render section 6702 unconstitutionally vague. *Accord, Franklet*, 578 F.Supp. at 1557.

*Conclusion*

Many respected Americans have engaged in civil disobedience as a form of protest against taxation for military spending. Henry David Thoreau, for example, refused to pay taxes that would contribute to the funding of the Mexican-American War. *See* H. Thoreau, *On the Duty of Civil Disobedience* (1849). Yet this mode of protest is not without its costs. Thoreau spent a night in the Concord jail. Alice Drefchinski must pay a $500 civil penalty. Perhaps she can find solace in the words written by Thoreau after his confinement: "It costs me less in every sense to incur the penalty of disobedience to the State, than it would to obey. I should feel as if I were worth less in that case."

There is no genuine issue of any material fact and the Government is entitled to judgment in its favor as a matter of law. Accordingly, the Government's motion for judgment on the pleadings is GRANTED.

APPENDIX

ALICE DREFCHINSKI
1816 Joan Drive
Franklin, La. 70538

Easter Week, 1983
To Whom It Concerns,

The system existing in the United States of taxing income with allowances for dependents and disabilities, and having persons with a greater income pay a proportionately larger share is in my opinion, a reasonable and just way to obtain the revenues necessary to keep the government functioning. There are still too many "loopholes" which allow unscrupulous persons to pay little or none of their fairshare, but the basic concept is sound and just. So, as a loyal American I complain about taxes (it is expected of everyone) but I pay them willingly to support the democratic principles on which this country was founded.

Besides being an American, I am also a Christian (Roman Catholic) with a conscience. I believe that I am sister to all persons on this planet, and try to follow the teachings of Jesus, to even "love your enemies". I have read and prayed about the draft of the Proposed Pastoral Letter on War, Armaments and Peace, by the National Conference of Catholic Bishops Ad Hoc Committee on War and Peace, and the statements by the resent Popes, especially John Paul II, and other religious leaders of the world. Along with millions of other Americans I saw and was deeply moved by the Oscar winning movie "Gandi".

As a Pacifist I am opposed to all violence and cannot support war by paying for it with over 50% of my taxes. You will therefore see that on line 26 of Schedule A I have claimed a deduction for "war taxes" which will reduce my taxes by about 50%. Please do whatever is in your power to use that portion of my taxes for PEACE not war! I urge you to allocate the money to the U. S. Academy of Peace (recommended by the Commission for the National Academy of Peace and Conflict Resolution in 1981), or use it for any of the human services programs that have received such deep cuts because of the military buildup, or give it to Mother Theresa, or Amnesty International, or to the families who look in vain for their loved ones who did not return from war, or to any other humanitarian effort.

Please don't let even a penny of my tax money be used to build a neutron bomb to kill my brothers and sisters!

May PEACE be in your heart,
/s/ Alice Drefchinski
Alice Drefchinski