**Robert T. CAREY**

v.

**UNITED STATES of America.**

**Civ. A. No. 84–0529–R.**

United States District Court,
E.D. Virginia,
Richmond Division.

Jan. 16, 1985.

Robert T. Carey, pro se.

Debra Prillaman, Asst. U.S. Atty., Richmond, Va., for defendant.

## OPINION

WARRINER, District Judge.

Presently before the Court is defendant's Fed.R.Civ.P. 12(b)(6) motion to dismiss filed with this Court on 19 November 1984. Plaintiff on 29 November 1984 filed a pleading denominated as a Motion for Judgment on the Pleadings in Opposition to Defendant's Motion to Dismiss. Defendant filed a brief in opposition to plaintiff's motion and plaintiff filed a response to defendant's opposition brief. Because under Fed.R.Civ.P. Rule 12(c) a motion for judgment on the pleadings may not be made until after the pleadings are closed and the pleadings were not closed at the time the motion was filed, plaintiff's motion will be treated as a response to defendant's motion to dismiss. Defendant's motion will be considered on the basis of the record as it now exists. The matter is ripe for adjudication.

The operative facts are not in dispute. On or about 15 April 1984 plaintiff filed his income tax return for the year 1983. On Schedule A, line 4, of the return, as an itemized deduction, plaintiff claimed a $2,500 "conscientious objection to war" deduction which plaintiff claims reflected "the amount of deduction necessary to not pay 35% of my taxes that would pay for

war." Plaintiff's Amended Complaint, attachment 2 (2 Oct. 1984). The conscientious war deduction reduced plaintiff's tax liability by $507.00. Accompanying plaintiff's tax forms was a written statement that expressed plaintiff's opposition to the war, the reasons for taking the conscientious objection to war deduction, and an explanation that informed the Internal Revenue Service of what the plaintiff's tax liability would be assuming that the conscientious objection to war deduction is invalid.

In a letter dated 25 June 1984 the Internal Revenue Service notified plaintiff that he had been assessed a $500.00 penalty pursuant to the provisions of 26 U.S.C. § 6702. On 10 July, 1984 plaintiff paid 15% of the assessed penalty, as required by 26 U.S.C. § 6703, and filed a request for a refund of the $75.00 (15% of $500) and an abatement of the remainder of the penalty. In a letter dated 16 August 1984 the IRS notified plaintiff that his request for a refund/abatement was denied. On 29 August 1984 plaintiff timely filed his complaint and on 2 October 1984 plaintiff filed an amended complaint.

In the complaint plaintiff asserts that: The assessment under 26 U.S.C. § 6702 against the Plaintiff was made illegally and without authority under § 6702 for the following reasons.

(a) The return filed by the Plaintiff contains sufficient information to determine the correct amount of self assessment and the attached letter clearly states what the correct amount should be.

(b) The Plaintiff's conduct was not due to a desire, appearing on the face of the return, to delay or impede the administration of the Federal Income tax laws.

(c) The conduct of the plaintiff was not due to a frivolous position.

In the alternative, assuming that 26 U.S.C. § 6702 applies to the Plaintiff, said statute violates Plaintiff's rights under the First Amendment to the United States Constitution to

(a) Freedom of speech

(b) Free exercise of Religion.

Section 6702 provides:

*Frivolous income tax return.*

(a) *Civil penalty.—If—*

(1) any individual files what purports to be a return of the tax imposed by subtitle A but which—

(A) does not contain information on which the substantial correctness of the self-assessment may be judged, or

(B) contains information that on its face indicates that the self-assessment is substantially incorrect; and

(2) the conduct referred to in paragraph (1) is due to—

(A) a position which is frivolous, or

(B) a desire (which appears on the purported return) to delay or impede the administration of Federal income tax laws,

then such individual shall pay a penalty of $500.

According to the legislative history, section 6702 was enacted because Congress was "concerned with the rapid growth in deliberate defiance for the tax laws by tax protestors." Senate Report No. 494, 97th Cong. 2nd Sess. 277, reprinted in 1982 U.S.C. Congressional & Administrative News 781, 1023. In explaining the provisions of § 6702 the legislative history states:

[T]he penalty is available against any individual filing a purported return in which insufficient information to calculate the tax is given or where the information given is clearly inconsistent (as where an individual claims 99 exemptions but lists only a few dependents) or where the return otherwise reveals a frivolous position or a desire to impede the tax laws. Moreover, the penalty could be imposed against any individual filing a "return" showing an incorrect tax due, or a reduced tax due, because of the individual's claim of a clearly unallowable deduction, such as a "gold standard deduction" (*i.e.*, a discount of dollars because the U.S. is not on the gold standard) or a "war tax" deduction under

which the taxpayer reduces his taxable income or shows a reduced tax due by that individual's estimate of the amount of his taxes going to the Defense Department budget, etc. *In contrast, the penalty will not apply if the taxpayer shows the correct tax due but refuses to pay the tax.* In such a case, of course, the Secretary can assess and collect a tax immediately. *Id.* at 1024 (emphasis added).

Plaintiff cites the opinion of a United States District Court for the Central District of California in *Jenney v. United States,* 581 F.Supp. 1309 (C.D.Ca.1984), in support of his position that the method he used for filing his tax return did not justify the imposition of the penalties set forth under section 6702. The *Jenney* case is factually very similar to the case at bar. In *Jenney* the plaintiffs in their 1982 income tax return claimed an $18,000 deduction in Schedule A, labelled as a "conscience deduction." They also attached a statement to their Schedule A which stated:

> Included among our miscellaneous deductions, we are listing a Conscience Deduction of $18,044 in order to bring our tax liability down to $5,273 which is 44% of what we would owe without such a deduction. We are claiming this deduction out of a conscientious objection to war and to preparations for war. The War Resisters League states that 44% of the 1982 federal budget went for non-military purposes....
>
> This reduction in our taxable income will produce a sizeable refund to us. Without the deduction, we owe the Internal Revenue Service $1,082. With it, we will receive a refund of $5,617.... *Jenney,* 581 F.Supp. at 1309–10.

The *Jenney* court focused on the above quoted legislative history and stated that:

> It is reasonably clear from the emphasized language that where, as here, the taxpayer shows the correct amount due to the IRS on their tax return, but refuse to pay such amount based on their personal convictions, the penalty prescribed in § 6702 was not meant to apply. This

is also apparent from the general tenor of the Senate Finance Committee's Report, which indicates that § 6702 was intended to authorize an immediately assessable penalty in those cases where "purported 'returns' are clearly not designed to inform the Secretary of the filer's taxable income and are not in processable form." *Jenney,* 581 F.Supp. at 1310 (*quoting* Senate Report at 1024).

I have carefully considered the *Jenney* opinion and my conclusion is that the decision is wrong. It is contrary to the clear language of the Act and the specific legislative history which mentioned exactly the type of deduction plaintiff claimed.

■ In order for a penalty to be assessed under section 6702, either subsection (a)(1)(A) or (B) must be met *and* either subsection (a)(2)(A) or (B) must be met.

■ Although, at least arguably, plaintiff's return, including the statement accompanying it, contained "information on which the substantial correctness of the self-assessment may be judged," the return also contained "information that on its face indicates that the self-assessment is substantially incorrect" so as to satisfy section 6702(a)(1)(B). By taking the war tax deduction, plaintiff represented he owed less than his actual tax liability and that he was entitled to a substantial tax refund. The statement by the district court in *Drefchinski v. Regan,* 589 F.Supp. 1516, 1522 (W.D. La.1984) (*quoting* 26 U.S.C. § 6702), supports my position that the requirements of section 6702(a)(1)(B) are met.

> [T]his Court does not agree with the District Court's conclusion in *Jenney* that a statement in an attachment will preclude imposition of the Section 6702 penalty on the basis of an incorrect self-assessment.... At best, the materials attached to this case and in *Jenney* merely highlight the fact that the taxpayers have reported a tax liability which is substantially incorrect. That is, a supplementary statement which indicates the tax liability without the clearly unallowable deduction, ... itself serves as

"information that on [the] face [of the return] indicates that the self-assessment is substantially incorrect."

Plaintiff cites no authority to suggest that his position is not frivolous. To the contrary, "[T]he long and unbroken line of authorities establishing the impermissibility of these tax deductions dispels any doubt that plaintiff's position [is] 'frivolous' within the meaning of the statute." *Franklet v. United States*, 578 F.Supp. 1552, 1555 (N.D.Ca.1984) (*citing Lull v. Commissioner*, 602 F.2d 1166 (4th Cir. 1979), *cert. denied*, 444 U.S. 1014, 100 S.Ct. 664, 62 L.Ed.2d 643 (1980); *First v. Commissioner*, 547 F.2d 45 (7th Cir.1976) (per curiam); *Autenrieth v. Cullen*, 418 F.2d 586 (9th Cir.1969), *cert. denied*, 397 U.S. 1036, 90 S.Ct. 1353, 25 L.Ed.2d 647 (1970)). *See also Drefchinski*, 589 F.Supp. at 1521 ("Drefchinski's substantially incorrect self-assessment was due to a position which is frivolous within the meaning of section 6702(a)(2)(A)....."); *Welch v. United States*, 53 AFTR2d 84–706, 84–707 (Mass.D.C.1984) (plaintiff penalized under § 6702 for a legally unsupportable position).

The United States Supreme Court in *United States v. Lee*, 455 U.S. 252, 260, 102 S.Ct. 1051, 1056, 71 L.Ed.2d 127 (1982) specifically held that a "war tax deduction" is invalid. The Supreme Court stated that:

If, for example, a religious adherent believes war is a sin, and if a certain percentage of the federal budget can be identified as devoted to war-related activities, such individuals would have a ... claim to be exempt from paying that percentage of the income tax. The tax system could not function if denominations were allowed to challenge the tax system because tax payments were spent in a manner that violates their religious belief. [citations omitted]....

Because of broad public interest in maintaining a sound tax system is of such higher order, religious belief in conflict with the payment of taxes affords no basis for resisting the tax.

The Fourth Circuit in 1979 reached a similar position in *Lull v. Commissioner of IRS*, 602 F.2d 1166 (4th Cir.1979). "Petitioners' assertions under the heading[ ] of 'conscientious objections' ... that they should not be required to pay taxes that would be used for military expenditures again pertain to their religious and moral objections to such expenditures and do not present new or meritorious reasons for allowance of the deductions." *Id.* at 1169 appendix.

Because the conditions of section 6702(a)(1)(B) and (a)(2)(A) have been met, the penalty assessed against plaintiff was within the authority granted under section 6702.

■ It is well settled that section 6702 does not violate plaintiff's rights guaranteed under the First Amendment to free exercise of religion or freedom of speech. Under a free exercise of religion analysis, "[s]ection 6702 must be upheld if the underlying governmental interest override[s] and outweigh[s] the impairment of the asserted free exercise rights." *Drefchinski*, 589 F.Supp. at 1525. In *Franklet v. United States*, 578 F.Supp. 1552, 1556 (N.D.Ca. 1984) the district court, dealing with § 6702, stated that "the necessities of revenue collection under enactments of general applicability raise governmental interests sufficiently compelling to outweigh the free exercise rights of those who find the tax objectionable on bona fide religious grounds."

As the Supreme Court stated in *United States v. Lee*, 455 U.S. at 259, 102 S.Ct. at 1056, "[t]o maintain an organized society that guarantees religious freedom to a great variety of faiths requires that some religious practices yield to the common good. Religious beliefs can be accommodated ... [citations omitted], but there is a point at which accommodation would 'radically restrict the operating latitude of the legislature.'" The interest in a sound tax system has been found sufficiently compelling to outweigh religious challenges to the administration of tax laws. *See, e.g., Drefchinski*, 589 F.Supp. at 1525.

Furthermore, section 6702 employs the least restrictive means of achieving these

interests. The penalty is addressed to only those returns that fail to correctly represent a taxpayer's tax liability due to either a position which is legally frivolous or a desire to impede the administration under the tax collection system. *Id.*

"The penalty in question here applies to any taxpayer adopting any frivolous position for any reason. It does not penalize plaintiffs' exercise of conscience as such any more than the taxes they originally sought to avoid. 'On matters religious, it is neutral.'" *Franklet* at 1556 (*quoting Autenrieth v. Cullen,* 418 F.2d 586, 588 (9th Cir.1969), *cert. denied,* 397 U.S. 1036, 90 S.Ct. 1353, 25 L.Ed.2d 647 (1970)).

"Section 6702 does not penalize the expression of ... religious beliefs held by ... plaintiff, however sincere.... Section 6702 simply penalizes the filing of a legally incorrect return, not due to mistake or inadvertence or based on a legally supportable legal position." *Welch v. United States,* 53 AFTR2d 84–706–707 (1984).

■ Assuming, *arguendo,* that plaintiff's conscientious war objection could be qualified as speech, the penalty imposed by section 6702 does not violate the rights guaranteed under the First Amendment to freedom of speech. In *United States v. O'Brien,* 391 U.S. 367, 377, 88 S.Ct. 1673, 1679, 20 L.Ed.2d 672 (1968) the Supreme Court stated that a statute will pass constitutional muster:

> If it is within the constitutional power of the Government; if it furthers an important or substantial governmental interest; if the governmental interest is unrelated to the suppression of free expression; and if the incidental restriction on alleged First Amendment freedoms is no greater than is essential to the furtherance of that interest.

■ The Sixteenth Amendment to the United States Constitution gives Congress the power to lay and collect taxes on income. Inherent in that power is the power to assess penalties for an individual's failure to pay the full amount of income tax due.

The penalty established by section 6702 acts as a disincentive to people contemplating filing frivolous tax returns, which serves to further the substantial governmental interest in maintaining a sound tax system. *See United States v. Lee,* 455 U.S. at 260, 102 S.Ct. at 1056 (1982); *Drefchinski,* 589 F.Supp. at 1526–27.

The penalty imposed by 6702 is unrelated to the suppression of free speech. Rather, the penalty is intended to discourage the filing of frivolous returns which would impede the tax collection system. *See Drefchinski,* 589 F.Supp. at 1527; *Franklet,* 578 F.Supp. at 1556–57.

"Section 6702 provides a modest and closely focused deterrent against precisely the behavior Congress legitimately sought to deter." *Franklet,* 578 F.Supp. at 1557. The "incidental restriction on alleged First Amendment freedoms is no greater than is essential to the furtherance of that interest." *O'Brien,* 391 U.S. at 377, 88 S.Ct. at 1679.

Plaintiff wants to appear to be a martyr for conscience's sake but does not want to pay a penalty for doing so. He lacks the courage to refuse to pay the tax on the basis of his conscientious objection and he follows the method he does to put a fig leaf over his cowardice. He wants to be able to win the plaudits of his fellow protestors by filing his tax protest return, yet he followed the form that he did in an effort to make certain that he would have to pay no penalty for what he represents to be the exercise of his religious scruples. "Here the actor wants the best of both worlds: to disobey, yet be absolved of punishment for disobedience." *United States v. Malinowski,* 472 F.2d 850, 857 (3d Cir.), *cert. denied,* 411 U.S. 970, 93 S.Ct. 2164, 36 L.Ed.2d 693 (1973). Such conduct impels no admiration.

This Court finds that plaintiff has failed to state a claim upon which relief can be granted. Accordingly, defendant's Fed.R.

Civ.P. 12(b)(6) motion to dismiss is hereby GRANTED.

And it is so ORDERED.