LLOYD V. PEVERILL AND ELIZA M. PEVERILL, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Peverill v. Commissioner
Docket No. 40374-84.
United States Tax Court
T.C. Memo 1986-354; 1986 Tax Ct. Memo LEXIS 252; 52 T.C.M. (CCH) 75; T.C.M. (RIA) 86354; August 6, 1986. David S. Strutt, *254 for the petitioners. Rogelio A. Villageliu, for the respondent. HAMBLEN
MEMORANDUM FINDINGS OF FACT AND OPINION HAMBLEN, Judge: Respondent determined deficiencies in petitioners' Federal income taxes as follows: Year
Deficiency
1980
$644.64
1981
1,334.56
1982
1,347.40
The sole issue for determination is whether petitioners are liable for self-employment tax under section 1401 [1] with respect to income received by petitioner husband for services as an ordained minister. [2]
FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. The stipulation of facts and attached exhibits are incorporated herein by this reference. Petitioners resided *255 in Low Moor, Iowa, when they filed their petition in this case. Petitioner [3] is an ordained minister of the United Methodist Church. Petitioner was graduated from the seminary in 1957 and, since that time, has served full-time as a minister in various parts of the United States. Based on religious principles, petitioner opposes the acceptance of any public insurance which makes payments in the event of death, disability, old age or retirement or makes payments for medical care. As a result, petitioner objects both to the payment of self-employment tax and the acceptance of social security benefits. Petitioner has no earnings other than from services performed by him as a minister. In 1958, petitioner attached a signed statement to his timely filed 1957 return which read: "I hereby apply for the exemption from social security or self employment tax as is accorded to ministers." On his 1958 return, petitioner wrote on line 15 of his 1040 return "Minister - Exempt" and attached the same statement filed with his 1957 return. Petitioner did not attach such statements to any other subsequent *256 year's return. With respect to whether an exemption application was filed under section 1401(e), respondent has no record that he received, approved or disapproved an application for exemption from self-employment tax or social security coverage for petitioner at any time prior to, during, or later than the taxable years at issue. [4] Likewise, the Social Security Administration cannot locate any records evidencing petitioner's application for or approval or disapproval of exemption from social security benefits or self-employment tax. Petitioner failed to produce at trial a retained copy of any exemption application or approval. Petitioner has never paid self-employment tax on his earnings from services performed by him as a minister. *257 On September 4, 1984, respondent issued a notice of deficiency to petitioners for the taxable years 1980 through 1982. Respondent contends that petitioner is subject to self-employment tax under section 1401 with respect to his services as a minister for the years in question. Petitioners do not dispute the self-employment tax computed by respondent on petitioner's income. [5] Rather, petitioner claims that he is exempt from self-employment tax under section 1402(e). OPINION Section 1401(a) imposes a tax on the self-employment income of every individual for old age, survivors, and disability insurance. Section 1401(b) imposes a tax on the self-employment income of every individual *258 for hospital insurance. Prior to 1968, ordained ministers were automatically excluded from social security coverage and the self-employment tax. [6] Ministers could elect social security coverage as self-employed persons by filing a Form 2031. [7] In 1968, the statute was amended and ordained ministers were automatically subject to the self-employment tax for taxable years ending after 1967 with respect to services performed by them. [8] Social Security Amendments of 1967, Pub. L. 90-248, 81 Stat. 821, 839. *259 However, the self-employment income of ministers and certain others may be exempt under circumstances set forth in section 1402(e)(1). [9] Under that section, a minister's self-employment income may be exempt from self-employment tax if the minister files an application for exemption in a timely manner [10] and as prescribed by the regulations. *260 Section 1.1402(e)-2A, Income Tax Regs., states that any individual who is "a duly ordained" minister of a church may request an exemption from the tax on self-employment income with respect to services performed by him in his capacity as a minister. Section 1.1402(e)-2A(a)(1), Income Tax Regs., mandates that: Such a request shall be made by filing an application for exemption on Form 4361 * * *. In addition to the application for exemption, an applicant must file, or Form 4361 must contain, a statement that the applicant is either "conscientiously opposed to" or "because of religious principles is opposed to" the acceptance of public insurance such as social security benefits with respect to his ministerial services. Sec. 1.1402(e)-2A(a)(2), Income Tax Regs. Moreover, in order for an exemption to be in force, the application must be approved by an Internal Revenue officer. [11] The mere filing of a Form 4361 is not sufficient for exemption; approval must be obtained. *261 Petitioner first argues that he has filed a Form 4361 and, thus, has satisfied the requirements of section 1402(e). Second, petitioner contends that a substitute form has been filed which satisfies the requirements of section 1402(e). Third, petitioner asserts that even if no form has been filed, petitioner satisfies all the requirements of the statute and should be granted an exemption. Finally, petitioner argues that respondent has acquiesced in petitioner's exemption from self-employment tax by not raising the exemption issue from 1968 until 1980 and is estopped from raising the issue now. Turning to petitioner's first argument, respondent contends that petitioner has failed to meet his burden of proof as to the filing of a Form 4361. We agree with respondent. Petitioner bears the burden of proof in showing that his Form 4361 was timely filed and that the respondent's determination is erroneous. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a). Petitioner testified that in 1968, or 1969, his conference superintendent informed him that he should go to the Internal Revenue Service or the Social Security office to make an affirmative election from the *262 social security system.Petitioner cannot remember to which office his superintendent informed him to go. Petitioner signed a form in Waterloo, Iowa. However, petitioner cannot remember any details of the form signed, recall in what office he signed the form, or produce a copy of the form. In fact, it is not clear that petitioner signed a Form 4361 in an Internal Revenue Service or Social Security office. Neither respondent nor the Social Security Administration can find any record of petitioner's Form 4361 application for or approval or disapproval of exemption status for any year. [12]
Petitioner's recollection is far too vague to be relied upon as evidence of his compliance with the specific and detailed statutory requirements of section 1402(e) and section 1.1402(e)-2A, Income Tax Regs. *263 This Court has rejected such vague testimony as insufficient to carry petitioner's burden of proof. [13] The statute and the regulations clearly establish that the time limitations of section 1402(e) are mandatory and must be strictly complied with. [14] Because a search of respondent's records failed to discover petitioner's Form 4361 and since petitioner failed to carry his burden of proof to show that Form 4361 was filed and approved, we find that petitioner did not timely file a request for exemption as required by section 1402(e). Petitioner also attempts to refute his liability for self-employment tax by contending that the written statement attached to his 1957 and 1958 return and the "Minister-Exempt" statement in his 1958 return satisfy the requirements of section 1402(e). Section 1402(e) and the regulations thereunder set forth a comprehensive and mandatory procedure to be followed by ministers who wish to obtain an exemption from the self-employment tax. [15] While petitioner may *264 meet the substantive requirements for an exemption, he has not complied with the procedural requirements of section 1402(e) and the regulations. [16] Moreover, in his 1957 and 1958 statements, petitioner makes no assertion that he is either "conscientiously opposed to" or "because of religious principles is opposed to" the acceptance of public insurance such as social security benefits with respect to his ministerial services. Thus, even if petitioner's 1957 and 1958 statements could be viewed as timely filed, the statements are legally insufficient to meet the statutory requirements necessary to obtain an exemption. Sec. 1402(e)(1); sec. 1.1402(e)-2A(a)(2), Income Tax Regs. As a result, petitioner's second argument fails. *265 Petitioner also asserts that even if no Form 4361 has been filed, he satisfies all the requirements of the statute and should be granted an exemption. While we do not question the sincerity of petitioner's beliefs, section 1402(e) provides strict limitations for the timely filing of an application for exemption. It is not sufficient simply to possess the requisite religious beliefs. [17]Ballinger v. Commissioner,78 T.C. 752, 757 (1982), affd. 728 F.2d 1287 (10th Cir. 1984). Finally, petitioner argues that respondent has acquiesced in petitioner's exemption from 1968 until 1980 and is thus estopped from raising the issue now. Petitioner's argument of estoppel must fail. The mere acceptance or acquiescence in returns filed by a taxpayer in previous years creates no estoppel against respondent nor does the overlooking of an error in a return upon audit create any such estoppel. Rose v. Commissioner,55 T.C. 28, 31 (1970). [18]
*266 On the basis of the record, petitioner has failed to carry his burden of proof that he filed and received approval of Form 4361 qualifying him for exemption from self-employment tax under section 1401(e) and the regulations. Since petitioner's burden is not met, we find that petitioner did not satisfy the requirements of section 1402(e) for exemption from payment of the self-employment tax and, as a result, owes self-employment tax on his income received for his services as a minister during the taxable years in question. To reflect the foregoing, Decision will be entered for the respondent.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended and in effect during the taxable years in issue. All rule references are to the Tax Court Rules of Practice and Procedure. ↩
2. The parties have agreed in a stipulation of settled issues that the underlying amounts involved in the taxable years in question are as determined in the statutory notice of deficiency. Thus, a Rule 155 computation is unnecessary.↩
3. "Petitioner" in the singular form hereinafter refers to petitioner Lloyd V. Peverill.↩
4. Two forms exist under which exemption status can be claimed: Form 4361, Application for Exemption from Self-Employment Tax For Use By Ministers, Members of Religious Orders and Christian Science Practitioners, and Form 4029, Application for Exemption from Tax on Self-Employment Income and Waiver of Benefits. Petitioner would most logically file Form 4361; however, petitioner could also file Form 4029 which applies to individuals who have conscientious objections to insurance due to their adherence to established tenets or teachings of a religious sect. See sec. 1402(g) and sec. 1.1402(h)-1(c), Income Tax Regs.↩ Since petitioner's arguments center on Form 4361, we will focus primarily on Form 4361 in the opinion.
5. Respondent determined the amounts of self-employment tax to be $939.64, $1,343.56, and $1,395.40 for the calendar years 1980, 1981, and 1982, respectively.However, respondent recomputed petitioners' income tax liability for the taxable years in issue and found that petitioners overreported their income tax by $295.00 in 1980, $9.00 in 1981, and $48.00 in 1982. As a result, petitioners' deficiencies are $644.64, $1,334.56, and $1,347.40 for the taxable years 1980, 1981, and 1982, respectively.↩
6. Services performed by an ordained minister of the church were excepted from the term "employment" order old sec. 3121(b)(8(A) and from the term "trade or business" under old sec. 1402(c)(4)↩. As a result, ministers were exempt from social security taxes. 7. Sec. 1.1402(e)(1)-1(a), Income Tax Regs.↩
8. In particular, the House and Senate Reports both state that: An individual not electing coverage under present law will be covered under social security for taxable years ending after December 31, 1967, unless he is granted an exemption under the new section 1402(e) of the code. [H. Rept. No. 544 (1967), 1968-1 C.B. 699, 705; S. Rept. No. 744, 1968-1 C.B. 706↩, 712.]
9. Sec. 1402(e) provides in part: (e) MINISTERS, MEMBERS OF RELIGIOUS ORDERS, AND CHRISTIAN SCIENCE PRACTITIONERS. -- (1) EXEMPTION. -- Any individual who is (A) a duly ordained, commissioned, or licensed minister of a church or a member of a religious order (other than a member of a religious order who has taken a vow of poverty as a member of such order) or (B) a Christian Science practitioner, upon filing an application (in such form and manner, and with such official, as may be prescribed by regulations made under this chapter) together with a statement that either he is conscientiously opposed to, or because of religious principles he is opposed to, the acceptance (with respect to services performed by him as such minister, member, or practitioner) of any public insurance which makes payments in the event of death, disability, old age, or retirement or makes payments toward the cost of, or provides services for, medical care (including the benefits of any insurance system established by the Social Security Act), shall receive an exemption from the tax imposed by this chapter with respect to services performed by him as such minister, member, or practitioner. Notwithstanding the preceding sentence, an exemption may not be granted to an individual under this subsection if he had filed an effective waiver certificate under this section as it was in effect before its amendment in 1967. ↩
10. Sec. 1402(e) further provides: (2) TIME FOR FILING APPLICATION. -- Any individual who desires to file an application pursuant to paragraph (1) must file such application on or before whichever of the following dates is later: (A) the due date of the return (including any extension thereof) for the second taxable year for which he has net earnings from self-employment (computed without regard to subsections (c)(4) and (c)(5)) of $400 or more, any part of which was derived from the performance of service described in subsection (c)(4) or (c)(5); or (B) the due date of the return (including any extension thereof) for his second taxable year ending after 1967. We note that petitioner's due date for Form 4361 is no later than the due date of the tax return for petitioners' second taxable year ending after 1967, or April 15, 1970.Sec. 1402(e)(2). Petitioner's Form 4029 due date is December 31, 1968. Sec. 1402(g)(2) and sec. 1.1402(h)-1(c), Income Tax Regs.↩
11. Sec. 1.1402(e)-2A(c) states, in pertinent part: The filing of an application for exemption on Form 4361 by a minister * * * does not constitute an exemption from the tax on self-employment income with respect to services performed by him in his capacity as a minister * * *. The exemption is granted only if the application is approved by an appropriate internal revenue officer.↩ * * * [Emphasis supplied.]
12. Any filed Forms 4361 are maintained alphabetically and, until early 1986, were kept indefinitely. I.R.M., Records Administration par. 110(5)77, and Correspondence par. 35(44)(36)(9)(b)(6). Presently Form 4361 is kept for 75 years from the date of waiver.I.R.M. 1(15)59.26, Records Control Schedule 206 for Service Centers, Exhibit 100-1 Cont. 8, item 77, at page 1(15)59.26-17, 18.↩
13. LeMaster v. Commissioner,T.C. Memo. 1984-184, affd. 767 F.2d 924↩ (7th Cir. 1985). 14. Treadway v. Commissioner,T.C. Memo. 1984-153↩.
15. Treadway v. Commissioner,supra;Devine v. Commissioner,T.C. Memo. 1980-511, affd. without published opinion 673 F.2d 1335 (7th Cir. 1981); see also Allinson v. Commissioner,T.C. Memo. 1979-405; McLanahan v. Commissioner,T.C. Memo. 1979-373↩. 16. We have reviewed petitioner's cited cases on this point and find them unpersuasive. All the cases involve situations in which the Court found that an application had been filed or evidence pointed to a timely mailing of the form in question.See, e.g., Robertson v. Commissioner,T.C. Memo. 1983-32, affd. without published opinion 742 F.2d 1446↩ (2d Cir. 1983). Petitioner has not sustained his burden of proof on the filing of Form 4361 and, thus, there is no presumption of filing.
17. Kelly v. Commissioner,T.C. Memo. 1980-37, affd. without published opinion 644 F.2d 879↩ (4th Cir. 1981).
18. Holland v. Commissioner,T.C. Memo. 1983-717↩.