T.C. Memo. 1996-290


UNITED STATES TAX COURT


JAMES M. McGAFFIN III and DEBORAH McGAFFIN, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 2490-94.                    Filed June 24, 1996.


James M. and Deborah McGaffin, pro sese.

Lisa K. Hartnett, for respondent.


MEMORANDUM OPINION

DEAN, Special Trial Judge:  This case was heard pursuant to
the provisions of section 7443A(b) and Rules 180, 181, and 182.[1]

Respondent determined a deficiency in petitioners' 1991
Federal income tax in the amount of $4,531.  The sole issue for

_____

[1]Unless otherwise indicated, all section references are to
the Internal Revenue Code in effect for the taxable year in
issue.  All Rule references are to the Tax Court Rules of
Practice and Procedure.

decision is whether petitioner James M. McGaffin, a minister, is exempt from self-employment tax because he properly filed an application for exemption under section 1402(e).[2]

Some of the facts have been stipulated and are so found. The stipulation of facts and attached exhibits are incorporated herein by reference. At the time the petition was filed in this case, petitioners resided in Omaha, Nebraska. All references to petitioner are to James M. McGaffin.

Background

Petitioner began practicing as a licensed minister in 1984 and was subsequently ordained in 1988. Petitioners filed a joint individual income tax return for the year 1984 indicating their respective occupations to be "pastor" and housewife. The return reported self-employment income in excess of $400 some of which was earned by petitioner through the performance of services as a minister. There was no Form 4361, Application For Exemption From Self-Employment Tax, for use by ministers, attached to the return for the year 1984. Petitioners did attach to their 1984 return a Schedule SE, Computation of Social Security Self-Employment Tax. On the schedule they did not check the box following line 2, Part I, Schedule SE, to indicate earnings as a minister that were exempt from self-employment tax.

---

[2]The parties have stipulated to the amount to which the self-employment tax applies if petitioner is not exempt.

Petitioner continued to perform services as a minister in the year 1985. Petitioners' joint individual income tax return for the year 1985[3] includes a Schedule SE on which the box following line 2, Part I, is checked, indicating that "you are exempt from self-employment tax on your earnings as a minister * * * because you filed Form 4361." The Schedule SE for 1985 lists only the net profit amount reported on a Schedule C and excludes over $10,000 in payments to petitioner from Omaha Victory Church for his services as a minister.

In the early part of 1991, petitioners' Federal income tax returns for tax years 1989 and 1990 came under examination by respondent. During this examination there arose a dispute between petitioners and respondent over whether petitioner had on file with respondent a valid exemption Form 4361 with respect to petitioner's earnings from his ministry.

On February 4, 1992, respondent received and filed a Form 4361 dated September 19, 1991, that petitioners had submitted. Petitioners insisted that they had previously attached a Form 4361 to their 1985 tax return and advised respondent that the filing of the "new" exemption form was merely a "protective

---

[3]Respondent entered into evidence a certified copy of Form 4340, Certificate of Assessments and Payments, for petitioners' Form 1040 for the year 1985. Respondent's record of assessments and payments shows the filing date for the 1985 return to be June 9, 1986. An addition to tax due to late filing was assessed and paid on July 11, 1986.

election".  The February 1992 Form 4361 was determined to be untimely and was disapproved by the IRS on March 23, 1992.

Eventually, petitioners' Federal income tax return for the year 1991 also came under examination by respondent.  In the year 1991, petitioner earned and reported $32,069 from Word Outreach Center for services performed as a minister.  On their joint individual Federal income tax return for 1991, however, petitioners did not report self-employment tax on any of the income received in connection with petitioner's services as a minister.  Respondent searched her records and found no application for exemption other than the Form 4361 disapproved on March 23, 1992.  Having found no approved application for exemption from self-employment tax, respondent determined that the entire $32,069 received by petitioner during 1991 from Word Outreach Center is subject to self-employment tax.

## Discussion

Petitioners argue that they are exempt from self-employment tax on petitioner's earnings as a minister.  Respondent's position is that petitioners have not timely filed for or received an approved exemption from self-employment taxes.  The determinations of respondent are presumed to be correct, and petitioners bear the burden of proving otherwise.  Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).

Section 1401(a) imposes on the self-employment income of every individual a tax for old-age, survivors and disability

insurance.  Beginning with taxable years ending after 1967, ordained ministers are automatically subject to the self-employment tax with respect to services performed by them.  Sec. 1402(c); see Peverill v. Commissioner, T.C. Memo. 1986-354.

Provided certain requirements are met, section 1402(e) exempts from the self-employment tax, the self-employment income of certain ministers and others.  Under section 1402(e)(1), a minister must file an application for exemption "in such form and manner, and with such official, as may be prescribed by regulations".  The application must be filed no later than the due date of the return (including any extension) for the second taxable year for which the applicant had net earnings from self-employment of at least $400, any part of which was from services as a minister.  Sec. 1402(e)(3).

Section 1.1402(e)-2A(b), Income Tax Regs., specifies that the application must be made on Form 4361, in triplicate, with the specified office of the Internal Revenue Service, within the prescribed time limit.

The time limitations of section 1402(e) are mandatory and must be complied with strictly.  Treadway v. Commissioner, T.C. Memo. 1984-153; Allinson v. Commissioner, T.C. Memo. 1979-405. At trial petitioners testified that the appropriate Form 4361 was timely filed by the due date of the return for the second taxable year of petitioner's earnings from performing services as a minister.  According to petitioner, he filled out a Form 4361 on

the evening of April 15, 1986, and the original form was attached to and mailed with the 1985 tax return just before midnight.[4] Respondent, on the other hand, introduced evidence showing that petitioners' 1985 Federal income tax return was not filed until June 9, 1986, incurring a late filing addition to tax that was paid.

While we are inclined to believe that petitioner filed a Form 4361 with the 1985 return, we find the documentary evidence of respondent on the date of filing of the 1985 return to be more persuasive than petitioners' memory of the date of filing.

Petitioners have failed to carry their burden to show that a Form 4361 was timely filed and approved. Accordingly, no portion of the income earned by petitioner is exempt from the tax on self-employment income, and respondent's determination is sustained.

Decision will be entered

for respondent.

---

[4]Due to the late hour of preparation of the form and the absence of a copy machine, we are informed, petitioners are unable to produce a copy of the Form 4361 that was attached to the return.