**James M. McGAFFIN, III, and Deborah McGaffin, Appellants,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Appellee.**

No. 96–3528.

United States Court of Appeals, Eighth Circuit.

Submitted April 14, 1997.

Decided April 22, 1997.

312

M. Jean Holmes, Thomas J. Winters, David M. Dryer, Tulsa, OK, for Appellants.

Teresa E. McLaughlin, John A. Nolet, Dept. of Justice, Tax Div., Washington, DC, for Appellee.

Before RICHARD S. ARNOLD, Chief Judge, FAGG and MURPHY, Circuit Judges.

1. *James M. McGaffin, III,* T.C. Memo.1996–290 (June 24, 1996) (John F. Dean, Special Trial

RICHARD S. ARNOLD, Chief Judge.

Under the Internal Revenue Code, ministers and other members of the clergy can receive an exemption from self-employment tax if they are conscientiously opposed to the tax and if they file a request for the exemption, called a Form 4361, by a certain specified time. The question presented in this case is whether the taxpayers, the Reverend and Mrs. James McGaffin, III, appellants in this Court, made a timely filing of their Form 4361. The Tax Court[1] found against them, and they appeal.

We affirm. The question whether the form was filed on time is a question of fact. The taxpayers had the burden of proof. After a trial, the Tax Court found that the form was not mailed on time. Mr. McGaffin testified that it was mailed on time, on April 15, 1986, along with his income-tax return for the year 1985. The records of the Internal Revenue Service, on the other hand, show that the income-tax return was not received until June 9, 1986. There is no record of the Form 4361's ever being received. The Tax Court was convinced that the Form 4361 was mailed along with the income-tax return, crediting Mr. McGaffin's testimony to this extent, but it was not convinced that the form and the return were mailed on April 15, 1986, which was the deadline for the filing of the form.

The finding of the Tax Court is not clearly erroneous. It was not required to believe all of Mr. McGaffin's testimony. As the trier of fact with both live and documentary evidence before it, it was open to the Tax Court to conclude that the taxpayer's memory was faulty. The judgment is

Affirmed.

Judge).