**PURSUANT TO INTERNAL REVENUE CODE SECTION 7463(b),THIS OPINION MAY NOT BE TREATED AS PRECEDENT FOR ANY OTHER CASE.**

T.C. Summary Opinion 2014-3

UNITED STATES TAX COURT

SUSAN CORSO, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 7676-12S.                       Filed January 9, 2014.

<u>Christopher R. K. Cawley</u>, for petitioner.

<u>Mary P. Hamilton</u>, for respondent.

SUMMARY OPINION

RUWE, <u>Judge</u>:  The petition in this case was filed pursuant to the provisions

of section 7463[1] of the Internal Revenue Code.  Pursuant to section 7463(b), the

_____

[1]Unless otherwise indicated, all section references are to the Internal
Revenue Code in effect for the years at issue, and all Rule references are to the
Tax Court Rules of Practice and Procedure.

decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case. After concessions by the parties, the sole issue for decision is whether petitioner is liable for self-employment tax for the taxable years 2007 and 2008 (years at issue) of $3,552 and $4,751, respectively.

The parties submitted this case fully stipulated pursuant to Rule 122. The stipulation of facts and the attached exhibits are incorporated herein by this reference.

## Background

At the time the petition was filed, petitioner resided in Massachusetts.

Petitioner has been an ordained member of the clergy since 1992.[2] Petitioner began to derive income from her performance of services in her capacity as an ordained minister in 1993. The first two years after ordination in which petitioner derived net self-employment earnings of $400 or more from ministerial services were 1993 and 1994.

Petitioner timely filed her 1994 Form 1040, U.S. Individual Income Tax Return, on October 16, 1995. Petitioner states that she submitted a Form 4361,

---

[2]The Church of Divine Metaphysics issued petitioner a credentials and a certificate of ordination in 1992 and a degree of doctor of divinity in 1993.

Application for Exemption From Self-Employment Tax for Use by Ministers, Members of Religious Orders and Christian Science Practitioners, with her 1994 tax return and that such form was approved by the Commissioner and returned to her.[3] The parties stipulated that petitioner's copies of her 1993 through 1998 tax returns were destroyed in a basement flood. As a result, petitioner does not have a copy of the Form 4361 that she alleges to have filed with her 1994 tax return. The parties also stipulated that the tax returns petitioner filed for the taxable years 1993 through 2002 have been destroyed by the Internal Revenue Service (IRS) pursuant to normal procedures. Neither party provided evidence as to when their records were destroyed.

1999 Federal Income Tax Return

Petitioner did not report any self-employment tax due on line 50, self-employment tax, of her 1999 Form 1040 and entered "Exempt-4361" as a notation next to line 50.

---

[3]Petitioner made this statement in a declaration under penalty of perjury attached as an exhibit to the stipulation of facts. Respondent does not make a hearsay objection to the declaration but did state: "Respondent does not stipulate that * * * [petitioner's declaration] establishes that petitioner is not subject to self-employment tax."

2000 Federal Income Tax Return

Ingvar Bengtsson prepared petitioner's Form 1040 for the taxable year 2000.[4] No self-employment tax was reported on line 52, self-employment tax, of petitioner's Form 1040. Petitioner attached Schedule C, Profit or Loss From Business, for Susan Corso Worldwide Ministries, which reported $45,496 in gross receipts or sales. By letter dated May 31, 2001, the Commissioner informed petitioner that the income she had reported on her 2000 tax return appeared to be subject to self-employment tax. Petitioner contacted Bengtsson to help her respond to the Commissioner's letter. By letter dated July 1, 2001, Bengtsson wrote to petitioner:

> Please, find enclosed four copies of tax form 4361. File three copies together with a copy of the letter you received. IRS will send you one copy back with approval signature. Please make a copy of that approval and send to me so I will have it on file for years to come. I found that form 4361 was filed in 1995 and if we had that approved copy no more filing would be necessary.[5]

We note that petitioner has not asserted, and no evidence demonstrates, that Bengtsson prepared either her 1993 or 1994 Federal income tax return.

---

[4]Bengtsson also prepared petitioner's Federal income tax returns for the taxable years 2001 through 2005 and 2007 through 2010.

[5]Respondent did not make a hearsay objection to the admission of Bengtsson's statement. Respondent did not stipulate to the truth or accuracy of Bengtsson's statement that a "form 4361 was filed in 1995".

Petitioner stated that she filed Bengtsson's letter and the enclosed Form 4361 with the Commissioner. Respondent notes that the record does not contain this correspondence from petitioner. However, on August 13, 2001, the Commissioner processed petitioner's 2000 Federal income tax return without making any adjustments.

## 2001 Federal Income Tax Return

Petitioner did not report any self-employment tax due on line 53, self-employment tax, of her 2001 Form 1040 and entered "Exempt - 4361" as a notation next to line 53.

## 2002 Federal Income Tax Return

Petitioner did not report any self-employment tax on her 2002 Form 1040. On line 56, self-employment tax, of the Form 1040 petitioner wrote "EXEMPT-FORM 4361". Petitioner attached Schedule C for Susan Corso Worldwide Ministries, reporting $46,210 of gross receipts or sales. On Schedule C petitioner listed her principal business as ministry. By letter dated April 4, 2005, the Commissioner informed petitioner that her return had been examined and it was determined that she owed $1,919 of self-employment tax. By letter dated May 6, 2005, to Felisha Tipton, an operations manager in the examination branch of the IRS, petitioner stated: "This is not the first time the IRS has incorrectly demanded

payment of self-employment tax although I have elected exemption as an ordained minister since 1995." Petitioner enclosed with this letter her ordination certificate and a copy of a Form 4361 that she described as her "original 4361 form which was attached to both 1995 and 1996 tax returns". We note that the copy of the Form 4361 enclosed with this letter was not signed by petitioner nor was it approved by the Commissioner. A notice of deficiency was issued to petitioner on July 7, 2005, determining that petitioner owed $1,918 of self-employment tax. Petitioner did not file a petition in response to the notice of deficiency. On January 9, 2006, the Commissioner made a default assessment.

On or about July 25, 2005, petitioner submitted a Form 4361 to the Commissioner. By letter dated August 17, 2005, the Commissioner informed petitioner that the Form 4361 she submitted was being returned without action because petitioner had failed to sign and date the form. On October 3, 2005, petitioner returned a signed and dated Form 4361 to the Commissioner. By letter dated November 8, 2005, the Commissioner informed petitioner that her Form 4361 was not approved because the Form 4361 was not received on time. On January 4, 2006, petitioner wrote a letter to Deborah King, an employee of the IRS, to explain her view of the examination of her 2002 Federal income tax return. Enclosed with this letter was a Form 4361 dated January 4, 2006. This Form 4361

stated that 1993 and 1994 were the first two years in which petitioner had self-employment earnings of $400 or more. Petitioner asserts she submitted this Form 4361 at the direction of Ms. Paine, an examiner with the IRS, as evidence of her right to an exemption from self-employment tax.

By letter dated January 30, 2006, the Commissioner requested that petitioner sign a declaration statement indicating that she understood the grounds on which exemption from self-employment tax could be approved. The letter also stated: "Your line 5 on your Form 4361 has been corrected to no years of having self-employment ministerial earnings." Petitioner signed the declaration statement.

On January 31, 2006, the Commissioner approved petitioner's Form 4361 submitted on January 4, 2006. This approved Form 4361 had the years 1993 and 1994 crossed out by hand, but did not include language stating that there had been a correction on line 5 to "no years of having self-employment ministerial earnings." Petitioner received a copy of the approved Form 4361 on February 21, 2006. Nevertheless, by letter dated March 1, 2006, the Commissioner informed petitioner that the approval of her Form 4361 dated January 4, 2006, was invalid and that her application for exemption from self-employment tax was denied. The letter stated: "Upon further research of your case we have found self-employment

ministerial earnings in 2000, 2001, 2002, 2003 and 2004. So you should have filed your Form 4361 in 2002. You are officially denied on our records."

On March 27, 2006, petitioner contacted the Office of the Taxpayer Advocate. On May 25, 2006, petitioner faxed a copy of the approved Form 4361 to Sheila Geehan, a case advocate at the Office of the Taxpayer Advocate. On or about June 26, 2006, Geehan furnished a copy of the approved Form 4361 to the Commissioner. By letter dated July 3, 2006, the Commissioner notified petitioner that her account for the taxable year 2002 had been changed to show no deficiency in tax.

2003 Through 2006 and 2009 Through 2011 Federal Income Tax Returns

Petitioner reported no self-employment tax on her tax returns for the taxable years 2003 through 2006 and 2009 through 2011.

2007 and 2008 Federal Income Tax Returns

Petitioner timely filed her Federal income tax returns for the taxable years 2007 and 2008. Petitioner listed her occupation as "minister" on both returns. On both returns petitioner reported no self-employment tax and entered "Exempt-Form 4361". On Schedule C for Susan Corso Worldwide Ministries petitioner reported gross receipts or sales of $42,016 and $69,336 for 2007 and 2008, respectively.

On January 17, 2012, respondent issued to petitioner a notice of deficiency for 2007 and 2008. Petitioner timely filed a petition disputing the determinations in the notice of deficiency.

The IRS' ministerial waivers unit's file for petitioner does not contain a Form 4361 that was filed in 1995. The file does contain a letter from the IRS dated May 31, 2001, requesting petitioner to provide more information because she reported income on her 2000 tax return that appeared to be subject to self-employment tax. However, the file does not contain any evidence of, or explanation for, the IRS' determination that petitioner did not owe self-employment tax for the taxable year 2000.

## Discussion

Petitioner bears the burden of proving that her Form 4361 was properly filed and approved and that respondent's determination is erroneous. See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933); Peverill v. Commissioner, T.C. Memo. 1986-354, 1986 Tax Ct. Memo LEXIS 252, at *10.

Section 1401 imposes a tax on self-employment income of every individual. Self-employment income is defined as "the net earnings from self-employment derived by an individual * * * during any taxable year". Sec. 1402(b). The term "net earnings from self-employment" is defined as "the gross income derived by

an individual from any trade or business carried on by such individual, less the deductions * * * which are attributable to such trade or business". Sec. 1402(a). Section 1402(c)(4) provides that the term "trade or business" does not include "the performance of service by a duly ordained, commissioned, or licensed minister of a church in the exercise of his ministry" if an exemption under section 1402(e) is in effect.

Section 1402(e) provides specific requirements for a minister to obtain an exemption from self-employment tax. Under section 1402(e)(1), a minister must file an application for exemption "in such form and manner, and with such official, as may be prescribed by regulations". "Such a request shall be made by filing an application for exemption on Form 4361". Sec. 1.1402(e)-2A(a)(1), Income Tax Regs. Form 4361 must be filed no later than the due date of the return (including any extension) for the second taxable year for which the applicant has net earnings from self-employment of at least $400. Sec. 1402(e)(3). "The time limitations of section 1402(e) are mandatory and must be complied with strictly." McGaffin v. Commissioner, T.C. Memo. 1996-290, 1996 Tax Ct. Memo LEXIS 321, at *6, aff'd, 112 F.3d 311 (8th Cir. 1997); see also Wingo v. Commissioner, 89 T.C. 922, 930 (1987).

The mere filing of a Form 4361 does not constitute an exemption. Sec. 1.1402(e)-2A(c), Income Tax Regs. "The exemption is granted only if the application is approved by an appropriate internal revenue officer." Id.

The first two years after ordination in which petitioner derived net self-employment earnings of $400 or more from ministerial services were 1993 and 1994. As a result, in order for petitioner to be exempt from self-employment tax for the years at issue, she must have filed a Form 4361 no later than the due date of her 1994 Federal income tax return. Petitioner stated that she attached a completed Form 4361 to her 1994 tax return and that such form was approved by the Commissioner and returned to her in 1995. Respondent argues that petitioner did not prove she had filed a Form 4361 with her 1994 tax return and that the IRS has no record of an approved Form 4361 from that period. We must determine whether petitioner attached her Form 4361 with her timely filed 1994 tax return and whether the Commissioner approved such form.

The parties stipulated that petitioner's copy of her 1994 Federal income tax return was destroyed in a flood along with copies of her 1993 and 1995 through 1998 tax returns. Petitioner stated that the Form 4361 approved by the Commissioner in 1995 was attached to the destroyed return. Petitioner argues that the examinations of her Federal income tax return for the taxable years 2000 and

2002 in which the Commissioner determined she owed no self-employment tax is circumstantial evidence that at the time of the two examinations the Commissioner had evidence of petitioner's approved Form 4361.

By letter dated May 31, 2001, the Commissioner informed petitioner that the income she reported on her 2000 Federal income tax return appeared to be subject to self-employment tax. This was the sole issue raised in the letter. Petitioner responded indicating that she had filed Form 4361. Despite raising this issue, on August 13, 2001, the Commissioner processed petitioner's 2000 tax return without making any adjustments to the return. Respondent has not provided any explanation for this decision.

In 2005 the Commissioner again examined petitioner's 2002 Federal income tax return. The examination report concluded that petitioner had a deficiency in tax because she was subject to self-employment tax. A notice of deficiency was issued to petitioner on July 7, 2005, determining that she owed $1,918 of self-employment tax. After the notice of deficiency was issued, petitioner submitted a Form 4361 that was approved by the Commissioner. However, this approval was revoked the next month. Following the revocation, petitioner contacted the Office of the Taxpayer Advocate. The advocate then forwarded petitioner's approved Form 4361 to the Commissioner on June 26, 2006. On July 3, 2006, the

Commissioner notified petitioner that her account for the taxable year 2002 had been changed to show no deficiency in tax.

Respondent argues that the abatement of the 2002 assessment was in error. However, respondent has not provided any evidence or explanation for the decision to abate the assessment.

For the taxable years 2000 and 2002 the Commissioner examined petitioner's tax returns and agreed with petitioner that no self-employment tax was owed. The only issue relative to the exemption was whether petitioner had timely filed a Form 4361 that had been approved by the Commissioner. This creates an inference that on at least two occasions the Commissioner determined that petitioner had filed a Form 4361 with her 1994 tax return and that such form had been approved. The Commissioner's determinations during the two examinations are consistent with petitioner's assertion that the Form 4361 she filed with her 1994 tax return had been approved. Petitioner has consistently reported that she was exempt because she had filed Form 4361. Petitioner's reporting of no self-employment tax for these taxable years is consistent with her position that the Form 4361 filed with her 1994 tax return was approved by the Commissioner. Over the course of multiple examinations petitioner has consistently stated that she filed a Form 4361 with her 1994 tax return and that such form had been approved.

On two previous occasions the Commissioner apparently agreed. Based upon the evidence we find that, more likely than not, petitioner filed a Form 4361 with her 1994 Federal income tax return and that such form was approved by the Commissioner. Accordingly, we hold that petitioner is not liable for self-employment tax for the years at issue.

In reaching our decision, we have considered all arguments made by the parties, and to the extent not mentioned or addressed, they are irrelevant or without merit.

To reflect the foregoing,

Decision will be entered under

Rule 155.
